[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 18.]

**KAY ET AL., APPELLEES, *v*. MARC GLASSMAN, INC., APPELLANT.**

**[Cite as *Kay v. Marc Glassman, Inc*., 1996-Ohio-430.]**

*Civil procedure—Trial court abuses its discretion when overruling a motion for*

*relief from judgment without first holding an evidentiary hearing.*

(No. 95-464—Submitted March 19, 1996—Decided July 3, 1996.)

APPEAL from the Court of Appeals for Summit County, No. 16726.

————————————

{¶ 1} On November 9, 1993, plaintiff-appellee Theodora Kay filed a complaint against defendant-appellant, Marc Glassman, Inc., for injuries she sustained as a result of a slip and fall in a store operated by appellant. Kay's husband and children filed accompanying claims for loss of consortium. A copy of the complaint was served on appellant's statutory agent and attorney, Jack Schulman, on November 15, 1993. Schulman prepared an answer, but inadvertently failed to file it within the prescribed twenty-eight days. On January 11, 1994, appellees moved for a default judgment. A hearing was held on January 31, 1994, at which time the court heard evidence on appellees' damages. The trial court granted appellees' motion on February 7, 1994 and awarded $181,000 in damages ($151,000 to Kay personally; $30,000 to her husband; and $1,000 to be divided among the children).

{¶ 2} On February 15, 1994, while reviewing files with a law clerk, appellant's counsel discovered that the answer he had prepared had never been filed with the court and that a default judgment had been awarded to appellees. That next day, on February 16, 1994, appellant filed a Civ.R. 60(B) motion for relief from judgment. In his motion, appellant's counsel explained that on December 10, 1993, he had prepared an answer, along with a request for production of documents and interrogatories. After signing the pleadings and cover letters, counsel returned

the documents to his secretary along with the case file for mailing to the court and to opposing counsel. Schulman's secretary, who, in addition to her secretarial duties, was in the process of helping sort out the law firm's bookkeeping system following the retirement of the firm's bookkeeper, mistakenly returned the case file containing the answer and additional pleadings to the file drawer instead of mailing them.

{¶ 3} In support of the motion, Schulman attached his own affidavit as well as the affidavits of his secretary and law clerk. Each of these affidavits outlined in detail the above facts. Schulman also attached to the motion the original answer and pleadings he had prepared.

{¶ 4} The trial court, without holding a hearing, denied appellant's motion for relief from judgment. The court of appeals affirmed, finding that the attorney's neglect was not excusable and that the trial court did not abuse its discretion in denying the Civ.R. 60(B) motion without conducting an evidentiary hearing.

{¶ 5} The cause is now before this court upon the allowance of a discretionary appeal.

————————————

*Weick, Gibson & Lowry, Paul A. Weick, Leslie S. Graske* and *David C. Weick,* for appellees.

*Schulman, Schulman & Meros Co., L.P.A.,* and *Jack M. Schulman,* for appellant.

————————————

**FRANCIS E. SWEENEY, SR., J.**

{¶ 6} In this case, we must decide whether the trial court abused its discretion in denying appellant's motion for relief from judgment. For the following reasons, we believe the motion should have been granted and consequently reverse the judgment of the court of appeals.

**{¶ 7}** Appellant initially contends that the trial court erred in denying its motion for relief from judgment without first conducting an evidentiary hearing. This issue was discussed in *Coulson v. Coulson* (1983), 5 Ohio St.3d 12, 16, 5 OBR 73, 76-77, 448 N.E.2d 809, 812. In *Coulson*, this court adopted the following rule set forth in *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 105, 68 O.O.2d 251, 255, 316 N.E.2d 469, 476: "If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion." In *Coulson,* we found that there was no abuse of discretion in granting a hearing, where the motion for relief from judgment and supporting affidavit contained allegations of operative facts warranting relief.

**{¶ 8}** The converse is equally true. Thus, the trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment. *Adomeit v. Baltimore*, *supra*, at 103, 105, 68 O.O.2d at 254-255, 316 N.E.2d at 475-476. This holding is in accord with the underlying policies governing Civ.R. 60(B) and, in particular, the fact that Civ.R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served. *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 249, 18 O.O.3d 442, 446, 416 N.E.2d 605, 610.

**{¶ 9}** With these principles in mind, we hold the trial court abused its discretion by overruling the motion for relief from judgment without first holding an evidentiary hearing. Moreover, under the facts of this case, since grounds for relief from judgment appear on the face of the record, the court should have granted the Civ.R. 60(B) motion as a matter of law.

**{¶ 10}** Appellant's motion, which was brought under Civ.R. 60(B)(1) and (5), essentially alleged "excusable neglect" under Civ.R. 60(B)(1).[1] The term "excusable neglect" is an elusive concept which has been difficult to define and to apply. Nevertheless, we have previously defined "excusable neglect" in the negative and have stated that the inaction of a defendant is not "excusable neglect" if it can be labeled as a "complete disregard for the judicial system." *GTE Automatic Elec. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 153, 1 O.O.3d 86, 90, 351 N.E.2d 113, 117; *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 21, 520 N.E.2d 564, 567, at fn. 4. Although a movant is not required to support its motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief. *Rose Chevrolet, Inc., supra,* at 20, 520 N.E.2d at 566. Thus, in order to convince the court that it is in the best interests of justice to set aside the judgment or to grant a hearing, the movant may decide to submit evidentiary materials in support of its motion.

**{¶ 11}** This is exactly what appellant did in this case. Rather than blankly assert that it was entitled to relief, appellant put forth evidence to substantiate its motion. Appellant's counsel attached three separate affidavits (as well as the prepared answer and pleadings) to attest to the fact that he had timely prepared an answer but that his secretary had inadvertently placed the pleadings back into the file drawer rather than mail them to the court for filing and to opposing counsel. Counsel explained that the failure to file the answer stemmed from the

---

1. There is no question that appellant has satisfied the first and third prongs of the three-part test announced in *GTE Automatic Elec. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113. Under the first prong, appellant alleged a meritorious defense by arguing that it owed Kay no duty of care and that her injuries were not compensable since, her fall was caused by the accumulation of melting snow tracked into the store by customers. See *Paschal v. Rite Aid Pharmacy* (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474. Appellant has also satisfied the third prong of GTE by filing its Civ.R. 60(B) motion only one day after discovering that a default judgment had been granted to appellees.

reorganization of the firm's accounting system and was simply an isolated incident and not an ongoing concern. Appellant's counsel did precisely what the rules require of him--through the submission of affidavits and accompanying exhibits, appellant alleged sufficient operative facts tending to show "excusable neglect." Since appellant supported its motion with operative facts warranting relief, the trial court should have granted appellant's motion for relief from judgment and abused its discretion in failing to do so.

{¶ 12} Accordingly, we reverse the judgment of the court of appeals.

*Judgment reversed.*

DOUGLAS, RESNICK, PFEIFER and STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

_____

**COOK, J., dissenting.**

{¶ 13} I respectfully dissent from the legal determination of the majority that the trial court abused its discretion in denying Civ.R. 60(B) relief. In order to find that the trial court abused its discretion, Mr. Schulman's neglect must be of such character that the only reasonable view is that it is excusable.

{¶ 14} The neglect here is Mr. Schulman's failure to timely answer the plaintiff's complaint. Mr. Schulman attributes this failure to his *secretary's* neglect. The secretary's neglect is tied to office circumstances regarding the retirement of the bookkeeper. Those circumstances may help explain why the secretary did not file the answer, *but not why Schulman's neglect in failing to correct those circumstances is legally excusable*.

{¶ 15} Given that an attorney is accountable for errors by his or her support staff, excusable neglect can never rest solely on the "excuse" that the attorney's staff erred. Rather, to be "excusable," the attorney's neglect must be attributable to factors that fall outside the bounds of his or her ordinary legal responsibilities.

**{¶ 16}** In analogous federal cases construing what constitutes excusable neglect, the United States Circuit Courts and United States Supreme Court have refused to deem neglect "excusable" when workplace disruptions are cited as the cause. In *United States v. RG&B Contractors, Inc.* (C.A. 9, 1994), 21 F.3d 952, the United States Ninth Circuit Court of Appeals rejected the contributing factor of corporate restructuring as sufficient to deem a Fed.R.Civ.P. 60(b) movant's neglect excusable. The movant in *RG&B* claimed that, as a result of recent corporate restructuring and the subsequent hiring of a new collections officer who was unfamiliar with its previous operations, invoices that would have enhanced its judgment against a defaulting contractor's bonding company were not timely presented to the district court. The circuit court rebuffed the movant's assertion that such neglect was excusable, stating that "[e]ven a liberal interpretation of 'excusable neglect' will not excuse every error or omission in the conduct of litigation." *Id.* at 956. The circuit court added that the movant could not possibly contend that it "was unaware of its own corporate restructuring or unaware of the possibility that such activity could cause some dislocations." *Id.* Implicit in the court's reasoning is that movant's legal department should have safeguarded against the mistake and that failure to do so was legally inexcusable.

**{¶ 17}** Similarly, in *Pioneer Invest. Serv. Co. v. Brunswick Assoc. L.P.* (1993), 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74, the United States Supreme Court, while finding a Fed.R.Bankr.P. 9006(b)(1) movant's failure to timely file a proof of claim excusable on other grounds, stated that it gave "little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the bar date."[2] *Id.* at 398, 113 S.Ct. at 1499, 123 L.Ed.2d at 91.

---

2. While not dealing directly with Fed.R.Civ.P. 60(b), the *Pioneer* court recognized the similarity of analysis required when determining whether neglect is excusable within the meaning of Fed.R.Civ.P. 60(b)(1) or Fed.R.Bankr.P. 9006(b)(1).

{¶ 18} In this case, it was not unreasonable or clearly erroneous for the trial judge to determine that Schulman's neglect was not legally excusable. Schulman had an obligation to ensure that he and his office staff would be able to continue to handle routine administrative functions in the midst of the disruption caused by his bookkeeper's retirement. Mr. Schulman alleged that, due to that disruption, files were stacked all over the office. In addition, his secretary was overworked, having to add new bookkeeping duties to her already full work load. Mr. Schulman may not insist that the court excuse his failure to ensure a smooth transition within his own office. Only the overlay of extreme circumstances beyond a lawyer's reasonable contemplation should suffice as Civ.R. 60(B) excusable neglect grounds in the context of staff error. Such was not the case here.

{¶ 19} To hold as the majority does today is to permit lack of diligence to amount to a legal excuse. Mr. Schulman alleges a situation we have all experienced upon losing a skilled secretary, paralegal, or associate attorney. That situation, however, did not offer a legally cognizable excuse for negligence; instead, it required Mr. Schulman to exercise extra efforts, hire more help—whatever it took to be sure no deadline was missed and no file mislaid. Upon undertaking to represent Marc's, Mr. Schulman shouldered the responsibility of safeguarding his client's interests. EC 6-4; DR 6-101(A)(3). While Mr. Schulman was free to delegate his obligations in an appropriate manner, he remained ultimately responsible for their completion. When the inevitable error occurred as a result of his staff being overworked and the office unorganized, it was not *legally excusable.*

{¶ 20} Given that the movant failed to allege operative facts that would warrant Civ.R. 60(B) relief, the trial court was not required to grant an evidentiary hearing. I would, therefore, affirm the judgment of the court of appeals, upholding the judgment of the trial court.

MOYER, C.J., concurs in the foregoing dissenting opinion.

———————————