OPINION
Defendant-appellant Beverly J. Green appeals the Judgment Entry of the Fairfield County Court of Common Pleas, Domestic Relations Division, which denied her Motion to Vacate pursuant to Civ.R. 60(B). Plaintiff-appellee is Fred L. Green, Jr.
 STATEMENT OF THE FACTS AND CASE
Appellant and appellee were married on January 11, 1963. Three children were born as issue of this union. One child is deceased. The other two children are emancipated.
During their marriage, appellant and appellee lived in the State of Michigan. In 1992, appellee moved to Columbus, Ohio, for employment purposes. Eventually, appellee purchased a home in Pickerington, Fairfield County, Ohio. After relocating to Ohio, appellee returned to Michigan on weekends through June, 1995, when he informed appellant of his intent to file for divorce.
On July 13, 1995, appellee filed a complaint for divorce in the Fairfield County Court of Common Pleas, Domestic Relations Division. With the assistance of Michigan counsel, appellant filed a pro se answer on August 7, 1995. In her answer, appellant specifically requested "equitable division of all plaintiff's pension and retirement rights". Appellant also made a general request for an equitable division of the marital assets.
Via Notice of Hearing dated August 25, 1995, the trial court informed appellant of an Uncontested Divorce/Pretrial Hearing scheduled for September 26, 1995. The notice reads:
 You are hereby notified that an UNCONTESTED DIVORCE/PRETRIAL hearing has been set for:
 SEPTEMBER 26, 1995 at 9:00 a.m.
before Judge S. Farrell Jackson, Third Floor, Hall of Justice, Lancaster, Ohio.
 Your attendance at that time is not required unless you wish to appear.
Appellant did not attend the September 26, 1995 hearing. Although the Notice of Hearing designated the day for an Uncontested/Divorce Pretrial Hearing, the trial court proceeded with the final hearing on the merits. A judgment entry awarding appellee a divorce from appellant and terminating the marriage contract was journalized the same day. Appellant did not receive a portion of appellee's military pension as part of the distribution of the marital assets. The estimated value of the pension is $10,900.00.
On August 15, 1996, appellant filed a Motion to Vacate Judgment pursuant to Civ.R. 60(B). In response, appellee filed a motion to dismiss appellant's motion to vacate, which the trial court denied on January 10, 1997. The trial court scheduled a hearing on appellant's motion for March 28, 1997.
At the conclusion of the oral hearing on March 28, 1997, the trial court denied appellant's motion to vacate. The ruling was memorialized in a Judgment Entry dated April 1, 1997.
It is from this judgment entry appellant prosecutes this appeal raising the following assignments of error:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS CHARACTERIZATION OF A CONTESTED DIVORCE CASE AS AN UNCONTESTED CASE WHEN DEFENDANT-APPELLANT WAS NOT ADEQUATELY NOTIFIED OF A FINAL HEARING ON THE MERITS.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT-APPELLANT'S MOTION TO VACATE JUDGMENT PURSUANT TO RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE.
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT SIGNED THE ENTRY AS SUBMITTED BY PLAINTIFF-APPELLEE WITHOUT SUCH ENTRY BEING FIRST SUBMITTED TO OPPOSING COUNSEL PURSUANT TO LOCAL RULE 22.1.
 II
Because we find appellant's second assignment of error to be dispositive of the instant appeal, we shall address said assignment first. Herein, appellant contends the trial court abused its discretion in denying her motion to vacate pursuant to Civ.R. 60(B).
A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77.
In order to prevail on a motion brought pursuant to Civ.R. 60(B), " * * * the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order proceedings was entered or taken." Argo PlasticProd. Co. v. Cleveland (1984), 15 Ohio St.3d 389, 391, citing GTEAutomatic Elec. v. ARC Indus. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. Id. at 391.
In overruling appellant's motion, the trial court summarily concluded, "based upon the evidence * * * [appellant] has not met her burden in this matter." See, April 1, 1997 Judgment Entry. The trial court did not specify which prong of the GTE test appellant failed to satisfy. In order to determine whether the trial court abused its discretion in denying appellant's motion, we shall analyze each prong in turn.
The first prong requires the movant to demonstrate she has a meritorious defense or claim to present if relief is granted. When a party moves to vacate a decree of divorce, the issue is whether or not the distribution will be affected. Herein, appellant had a legitimate claim to her share of a distribution of the marital assets. At the final hearing, the trial court only cursorily questioned appellee about his pension. As a result of the trial court's failure to elicit more information regarding appellee's military pension, the trial court was unable to determine that the pension was a substantial marital asset to which appellant was entitled to an equitable share. Since the distribution will be affected if relief is granted, we find appellant has satisfied the first prong of the GTE test.
The third prong requires the motion be made in a timely manner. Appellee concedes appellant's motion is timely.
Having determined, supra, appellant has satisfied prongs one and three, we now turn our focus to the second prong. Appellant claims she is entitled to relief under Civ.R. 60(B)(1), (3), and/or (5).
Civ.R. 60(B) provides, in relevant part:
 (B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * (5) any other reason justifying relief from the judgment.
Appellant asserts she is entitled to relief under subsection (1) "because she received an inadequate, misleading notice informing her of an uncontested divorce hearing or a pretrial hearing and not one of an important final hearing on the merits of her contested divorce case, such notice causing her to commit excusable neglect in not appearing in the Ohio Court on September 26, 1995 [sic] to defend her interests." See, Brief of Defendant-Appellant, Beverly Green, p. 7.
In Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, the Ohio Supreme Court defined "excusable neglect" in the negative by stating "the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system'." Id. at 20.
The only notice appellant received relative to the matter was the trial court's August 25, 1995 Notice of Hearing, which is set forth in the Statement of Facts and Case, supra.
Although the notice is devoid of any indication that the matter would proceed to a final hearing on the merits on September 26, 1995, and explicitly informs appellant her attendance on that day was "not required unless you wish to appear", the trial court conducted the final hearing in appellant's absence.
Civ.R. 75(K) provides:
 In all cases where there is no counsel of record for the adverse party, the court shall give the adverse party notice of the trial upon the merits. The notice shall be made by regular mail to the party's last known address, and shall be mailed at least 7 days prior to the commencement of trial.
As appellant was unrepresented by counsel, the trial court was required to provide her with notice of the trial upon the merits. The trial court's notice of August 25, 1995, was insufficient to notify appellant that the matter would proceed to trial that day. Although appellee argues it is customary for the trial court to proceed to final hearing in an uncontested divorce when a defendant does not appear, the August 25, 1995 notice gives no indication of such a custom and, as such, does not comply with Civ.R. 75(K).
The notice clearly and unambiguously advises appellant her attendance was voluntary. Based upon this notice, we find her failure to attend the September 26, 1995 hearing does not demonstrate a blatant disregard for the judicial system and constitutes "excusable neglect." Accordingly, appellant has satisfied the second prong of the GTE test.
Based upon the foregoing reasons, we find the trial court abused its discretion in denying appellant's motion to vacate pursuant to Civ.R. 60(B).
Appellant's second assignment of error is sustained.
 I III
In light of our disposition of appellant's second assignment of error, we find appellant's first and third assignments of error to be moot.
The Judgment Entry of the Fairfield County Court of Common Pleas, Domestic Relations Division, is reversed and remanded for further proceedings in accordance with law and this opinion.
By: Hoffman, J. Farmer, P.J. and Gwin, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division, is reversed and remanded to the trial court for further proceeding in accordance with this opinion and the law. Costs assessed to appellee.