Defendant-appellant-husband Manert D. Payne appeals from the trial court's order of January 22, 1998, which adjudicated plaintiff-appellee-wife Martha P. Payne's motion to show cause (motion No. 284613) and defendant-appellant's motion for relief from judgment (motion No. 286225). For the reasons adduced below, we affirm.
A review of the record on appeal indicates that the parties were married on November 12, 1960. The wife filed a complaint for divorce on November 25, 1987. The parties were divorced on February 5, 1988. See Journal Vol. 1332, pages 494-499. In the November 21, 1987 separation agreement made part of the divorce decree, the husband was to, in part: (1) keep the wife as the sole surviving beneficiary of the husband's pension at LTV Steel Company, and execute a Qualified Domestic Relations Order ("QDRO") to ensure compliance with this provision contemporaneously with the decree of divorce; and, (2) as and for alimony, he was to pay any state or federal income taxes and hold the wife harmless on any tax liability as a result of a joint income tax return filing between the parties. The separation agreement also contained a provision, at paragraph 14, which provided that each party had made a "full and correct representation" as to their financial status and that each party was "satisfied with the correctness of the other's representations."
On April 23, 1996, wife filed the subject motion to show cause arguing that husband: (1) has not held her harmless on a federal tax liability which has caused her wages to be attached at the rate of $127.50 every two weeks; and, (2) has not executed a QDRO granting wife sole survivorship interest in his pension at LTV Steel.
On April 23, 1996, the court executed a QDRO for the benefit of the wife relative to the husband's pension plan. See Journal Vol. 2785, pages 274-276.
On May 24, 1996, husband filed a joint response to the motion to show cause and motion for relief from judgment. In this filing, husband argued that: (1) he was not represented by counsel at the time he signed the separation agreement; (2) he was pressured[1] to sign the separation agreement which was allegedly unfair, unjust and inequitable because (a) at the time the separation agreement was executed he and the court were unaware of the wife's vested pension plan in PERS which he claimed was equal to or greater in value than his LTV Steel pension plan and (b) the wife also concealed other financial information relative to funds she maintained under unidentified bank accounts, credit unions, deferred compensation, stocks, bonds, and IRA's. The husband's filing contained no affidavits or other evidentiary support.
The subject motions were heard by a magistrate in mid-July of 1997. The magistrate issued his decision on October 29, 1997. In granting the motion to show cause and denying the motion for relief from judgment, the magistrate found that: (1) the motion for relief, being filed approximately eight years and three months after the divorce decree, was not filed within a reasonable time after the judgment was entered; (2) deception by the wife in concealing assets was not demonstrated; (3) the existence of the wife's PERS benefits could have been reasonably discovered during the divorce process as the wife had been employed in county and state positions for thirteen years at the time of the divorce in 1988; (4) had the husband exercised ordinary care during the divorce he would have known about the PERS benefits; (5) the present value of the PERS pension is not known, but the wife's contribution to the pension as of the end of December, 1987, was $15,482.54; (6) none of the assets or debts in the separation agreement were specifically valued; (7) the husband retained the marital home in the divorce; (8) each party took responsibility for certain debts of the marriage; (9) the wife has paid tax liabilities totaling $11,693.39 as of June 30, 1997; (10) the husband had not fulfilled his obligation relative to the QDRO. The magistrate recommended that husband be found in contempt and that he serve thirty days in jail. Further, the magistrate recommended that the contempt be purged upon the payment to the wife of $11,693.39 toward the tax liability by paying $5,800 within thirty days of the order and then pay the remainder at $276.25 per month plus 2% statutory fee until paid in full.
On November 3, 1997. the court adopted the magistrate's report. See Journal Vol. 3088, pages 45-47; Civ.R. 53(E)(4)(c).
On November 10, 1997, the husband filed a motion for extension of time to file objections to the magistrate's decision. The court granted this motion on December 3, 1997, allowing the husband an additional fourteen days with which to file objections.
On December 17, 1997, the husband filed his objections to the magistrate's report.
The court, on January 22, 1998, sustained the objections in part and denied them in part. The only modification of the magistrate's decision by the court was to permit the husband to pay the sum of $5,800 within ninety days, not thirty days, of the court order. See Journal Vol. 3126, pages 477-479.
The notice of appeal was filed on February 23, 1998, from this order of January 22, 1998. Three assignments are presented for review by the husband.
Prior to addressing the assignments, it must be noted that appellant's brief is woefully inadequate in certain respects. Most importantly, the appellant's brief contains no argument section wherein each assignment is separately stated and argued with appropriate citation to the record and authority. See App. R. 16(A)(7). Next, the table of contents does not contain required page references. See App.R. 16(A)(1). The table of cases does not, as required, contain references to the pages of the brief where those cases are cited. See App.R. 16(A)(2). It is not the court's burden to attempt to divine a party's argument and authority. Appellant's counsel is strongly urged to comply with briefing requirements in future practice before this appellate court.
Despite the lack of any separate arguments by appellant, and citations of authority within those arguments with any degree of legal analysis, we turn our attention to the assignments presented in light of the accompanying record on appeal and appellee's brief. The assignments will be addressed jointly since they are presented jointly by appellant's counsel and all "argue" relief from judgment.
I
 "THE COURT ERRED IN DENYING THE DEFENDANT-APPELLANT RELIEF UNDER CIVIL RULE 60(B)1 THROUGH 5, ALTHOUGH HE WAS CLEARLY ENTITLED TO RELIEF FROM THE JUDGMENT OF CONTEMPT UNDER CIVIL RULE 60(B)5."
II
 "THE COURT ERRED IN FAILING TO TAKE JUDICIAL NOTICE OF THE FLAW IN THE SEPARATION AGREEMENT ENTERED INTO BY THE PARTIES AT THE TIME OF THE DIVORCE, NAMELY, REQUIRING DEFENDANT-APPELLANT TO SAVE PLAINTIFF-APPELLEE HARMLESS FROM THE JOINT MARITAL DEBT OWED TO THE FEDERAL GOVERNMENT FOR INCOME TAX. IT IS IMPOSSIBLE TO STOP THE FEDERAL GOVERNMENT FROM SEIZING ASSETS OF A TAXPAYER BY A STATE COURT ORDER."
III
 "THE COURT ERRED IN FAILING TO REQUIRE BOTH PARTIES TO FULLY DIVULGE THEIR ASSETS AT THE TIME OF THE DIVORCE DECREE. THE RESULT WAS AN UNEQUAL DIVISION OF THE MARITAL ASSETS. THE COURT STILL DOES NOT KNOW THE VALUE OF PLAINTIFF-APPELLEE'S PERS PENSION, HER FUNDS ON DEPOSIT WITH ANY BANKS, CREDIT UNIONS, DEFERRED COMPENSATION FUNDS, STOCKS, BONDS, IRA'S AND THE LIKE. BY REASON OF THE DENIAL OF THE MOTION FOR RELIEF FROM JUDGMENT." (Underlining in the original.)
 GTE Automatic Electric, Inc. v. Arc Industries, Inc.(1976),47 Ohio St.2d 146, paragraph two of the syllabus, provides a three-part demonstration for the granting of a motion for relief from judgment: (1) that the moving party has a meritorious defense or claim to present if relief is granted; (2) that the moving party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and, (3) that the motion for relief is made within a reasonable time. Only if a moving party demonstrates all three elements of GTE is an evidentiary hearing warranted on the motion for relief. Kay v.Marc Glassman, Inc.(1996), 76 Ohio St.3d 18. What constitutes a reasonable time for filing the motion for relief is left to the sound discretion of the trial court. Wells v. Spirit Fabricating,Ltd.(1996), 113 Ohio App.3d 282, 290.
The facts clearly demonstrate that the husband's motion for relief from judgment, which principally sought to vacate the divorce decree, was filed over eight years after the entry of the divorce decree. The motion for relief was prompted by the wife's action seeking to enforce her rights under the separation agreement, a document which was freely signed by the husband. Until the wife took steps in 1996 to enforce her rights under the separation agreement, approximately eight years after the divorce decree, the husband had no apparent concern whatsoever over the adequacy of the financial representations made by the wife in the preparation of the separation agreement. Given that the financial status of the wife was readily available at any time had the husband been motivated to discover same, which he failed to do[2], it cannot be said that the motion for relief from judgment was presented within a reasonable time from the date of the order he sought to vacate. Accordingly, the trial court did not err in denying the motion for relief from judgment.
Appellant also seems to argue that he should be given relief from the show-cause order relative to his obligation to hold the wife harmless on the federal income tax liability. Appellant argues that he had no way to prevent the federal government from seeking payment from his ex-wife. While it is true that the federal government was not bound by the separation agreement and could seek repayment from either, or both, of the parties due to the joint nature of the tax return, the fact remains that the separation agreement requires the husband to hold the wife harmless on any tax liability. This the husband did not do. The wife made payments on the tax liability and, pursuant to the terms of the separation agreement, the husband must repay the wife any amount she expended as a result of the joint income tax liability. Accordingly, the trial court did not err in granting the wife's motion to show cause.
In a similar vein, appellant also argues that the show cause order was in error because he would not execute a flawed QDRO presented to him. Whether or not that particular QDRO was flawed, and the wife's counsel admitted at the hearing that it was due to an oversight in his office management, the fact remains that the separation agreement charged the husband with executing a QDRO with respect to his LTV Steel pension contemporaneously with the decree of divorce. This he did not accomplish; at the time of the divorce decree or any time thereafter. Husband took no steps at any time to secure the relevant QDRO. Accordingly, the court did not err in granting the motion to show cause and entering the required QDRO in April of 1996 which protected the wife's survivorship interest in the husband's pension.
Assignments overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
TIMOTHY E. McMONAGLE, P.J. and JOHN T. PATTON, J.,CONCUR.
 ___________________________________ JAMES D. SWEENEY JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26 (A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] "At the hearing on the motions, husband testified that he was not forced to sign the separation agreement and that he had elected not to be represented by counsel during the divorce. R. 17.
[2] Even at the hearing on the subject motions, there is no evidence that husband's counsel issued any subpoenas for the wife's financial records. Also, when questioning the wife at the hearing, husband's counsel only concerned himself with the existence of her PERS pension, neglecting to inquire about stocks, bonds, bank accounts, IRA's, and the like.