JOURNAL ENTRY AND OPINION
Defendant-appellant appeals the court's denial of his motion to vacate an order modifying his child support obligations and ordering compliance with the court's order to pay marital debt.
The marriage of defendant-appellant (husband) and plaintiff-appellee (wife) was dissolved on July 18, 1996. They had one child in the marriage, Derek, born September 3, 1992. On October 20, 1998, in a motion to show cause and motion to modify the support order, wife alleged that husband had failed to pay the court ordered child support and that he had received an increase in income justifying an increase in the support order. She also alleged that husband had failed to pay marital debts and attorney fees as ordered by the court. Wife's attorney requested the court to serve husband copies of these motions by certified mail to husband's current address.
On October 22, 1998, husband's fiancee signed for these motions, served by certified mail at his residence. Husband had recently moved and had not formally changed his address with the court. In response to discovery requests, his attorney indicated in a cover letter to opposing counsel on December 15, 1998 that he would be out of town until the middle of January. He did not, however, notify the court of his unavailability. In fact, he did not make his official appearance in the case until February 4, 1999. In that notice the attorney listed his office address as 12015 Clifton Blvd. #9, Lakewood. On February 22, 1999, wife's attorney notified the court by letter that husband had filed a Chapter 7 bankruptcy petition. No notice of the bankruptcy filing was entered on the docket, nor did the court make any other note of it. Husband's attorney made no mention of it.
Both husband and his attorney state they never received notice of either the hearing held on wife's motions on January 11, 1999, or the magistrate's report mailed on April 19, 1999. Husband's attorney discovered the judgment entry when he stopped to visit someone at an office he had used a year and a half earlier. Unfortunately, by the time the attorney discovered the entry on May 28, 1999, the time for filing objections to the magistrate's report had passed. Husband's attorney promptly filed a motion for reconsideration and motion to vacate and set aside judgment pursuant to Civil Rule 60(B)(5) on June 2, 1999. The court denied these motions, and this appeal followed.
 Appellant's first assignment of error states I. THE COURT OF COMMON PLEAS ERRED OR ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO VACATE ORDER OF COURT (MOTION # 36574).
As this court stated in CEI v. Greene (Nov. 19, 1992), Cuyahoga App. No. 61411, unreported, 1992 Ohio App. LEXIS 5842, at *5,
 To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate that: (1) there is a ground for relief pursuant to Civ.R. 60(B)(1)-(5); (2) the motion is made within the time period specified in Civ.R. 60(B); and (3) there is a meritorious defense or claim to assert if the motion is granted. GTE Automatic Electric v. Arc Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
Id.
When reviewing a lower court ruling on this issue, an appellate court will not disturb an order denying relief from judgment unless the trial court has abused its discretion. Id. (Citations omitted.)
The local rules for Cuyahoga Court of Common Pleas Domestic Relations Division state
 Notice of the * * * hearing date shall be sent to all counsel of record or the parties, if not represented by counsel, no less than 14 days in advance of the day set for * * * hearing * * *.
Local Domestic Relations Division Rule 2(E)(3).
In his motion for reconsideration and motion to vacate, husband provided an affidavit stating that he received no notice from this Court as to when the motion would be heard * * *. (Defendant's Motion for Reconsideration, and Motion to Vacate and Set Aside Judgment Pursuant to Civil Rule 60(B)(5), Exhibit B.) Husband had changed his address with the court twice in the spring of 1998, but he changed his address a third time before the notice of the motion to show cause and modify support and before the notice of the hearings were sent. Upon information from his former wife, however, the court mailed these pleadings to him at the third address, but allegedly did not mail the court's post card notice of the hearing to that address. The court record does not specify whether a notice of the hearing was sent to husband, and at that time husband had no attorney.
Husband's attorney also provided an affidavit stating that he received neither notice of the hearing nor the magistrate's report at the address he submitted to the court prior to the entry being journalized. Although his attorney filed his notice of appearance on February 4, 1999 listing the attorney's new address, the court mailed the Magistrate's Report on April 19, 1999 to his former address.
Husband was aware that the motions had been filed by his former wife. It is the responsibility of the party to check the docket on a case and not rely on the postcards sent by the court. The Eleventh Appellate District Court, however, weighed this duty against a party's right to notice by the court.
 As a general rule of law, once a person becomes a party to an action, he has a duty to check on the proceedings of the court to assure that he will be at the hearings or trial. See Metcalf v. Ohio State Univ. Hosp. (1981), 2 Ohio App.3d 166, at 167; Hahn v. McBride (1913), 88 Ohio St. 511 . On the other hand, the trial court also has a duty to notify counsel of record before dismissing a case for failure to prosecute.
 In the instant case, it is not the fault of the appellants that the United States Postal Service failed to forward their mail to their new address. The record here does not present any contradiction of appellants' assertion that they did not actually receive notice of the * * * pre-trial conference that resulted in the dismissal of their complaint, or that they were not in compliance with local rules of court regarding change of address during a time interval when they were not represented by counsel.
Noce v. Wible (Dec. 16, 1983), Lake App. No. 9-245, unreported, 1983 LEXIS 12436, at *6-7. Reversing and remanding the trial court's ruling, the Noce court found that the Civ.R. 60(B) motion was properly filed and that the trial court's dismissal of the case when the court did not know whether the parties had been served properly was inequitable to appellants who were not at fault for * * * the failure of the postal service to deliver mail * * *. Id. at 7.
This court made a similar ruling in Littlejohn v. Leach (Nov. 22, 1995), Cuyahoga App. No. 68916, unreported, 1995 Ohio App. LEXIS 5202, at *9. It noted
 [w]hen a defendant makes a motion for relief from judgment and in support of that motion attaches an uncontradicted, sworn statement that he never received notice of a proceeding, such as trial, he is entitled to have the judgment against him vacated.
Id.
Because he had received the motions at his new address, it was not unreasonable for husband to assume that he would receive notice of any scheduled hearings there also. Although he should have notified the court of the third change of address, the court had an equal obligation to notify him of the hearing. Another appellate court considered this issue with a similar set of facts:
 In the case at bar, appellant received no notice of the hearing. His failure was in not informing the court of his change of address. This is at most a technical error. We conclude that it is excusable neglect.
IN THE MATTER OF: The Adoption of Joshua Beekman (Sept. 10, 1991), Scotio App. No. 90CA1883, unreported, 1991 LEXIS 4314, at *10. In the case at bar, husband's failure to notify the court of his new address constitutes excusable neglect.
Because husband's attorney did not make an official appearance on the case until the middle of February, over one month after the hearing was held, the court was obliged to send notice of the hearing to husband. Husband has sworn that he did not receive notice. Therefore husband has shown that he is entitled to relief under Civ.R. 60(B).[1]
The two other prongs required to answer the question of relief from judgment are that the husband (1) show he had a meritorious defense to present if relief is granted and (2) move for relief in a reasonable period of time.
Husband has submitted copies of his wage history which indicate that some of the moneys the wife claims as husband's income are actually reimbursement for expenses. He also claims that some of the medical expenses he was ordered to pay were the result of the wife failing to arrange for Derek to be covered by the husband's military health insurance coverage. He attaches copies of W-2 forms and income tax returns to support his arguments. As the Supreme Court of Ohio held in Kay v. Marc Glassman, Inc.(1996), 76 Ohio St.3d 18, since grounds for relief from judgment appear on the face of the record, the court should have granted the Civ.R. 60(B) motion as a matter of law. Id. at 20. Husband has, therefore, fulfilled the requirements of this prong.
The final prong requires that the motion to vacate be filed in a timely fashion. The magistrate's report was mailed on April 19th. The attorney discovered it on May 28th, and the motion to vacate judgment was filed on June 2nd. Husband has thus complied with the requirement of timeliness.
Appellant's first assignment of error is well taken.
Appellant's second assignment of error states as follows:
 II. THE COURT OF COMMON PLEAS ERRED OR ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR RECONSIDERATION (MOTION # 36573).
In light of our decision in assignment one, this assignment of error is moot.
We note, however, that the trial court was notified in February that defendant had filed for bankruptcy. 11 U.S.C.S 362 (a)(2) places an automatic stay on the enforcement, against any debtor * * *, of a judgment obtained before the commencement of the case under this title * * *. Exempted from this stay under (b)(2)(A) is
 * * * the commencement or continuation of an action or proceeding for * * * (ii) the establishment or modification of an order for alimony, maintenance, or support; or (B) of the collection of alimony, maintenance, or support from property that is not property of the estate * * *.
(Emphasis added.) Thus wife's action for modification of child support was not stayed by husband's bankruptcy.
However, the remainder of the court order affects more than what is exempt. The court's order also stated as follows:
 A judgment is rendered against Defendant for all non support arrearages totaling $1,000.00 in previously ordered attorney fees.
(Judgment Entry at 3; italics in original.) Attorney fees are not exempt from the automatic stay.
The record does not indicate, however, whether or when the bankruptcy was discharged. The trial court will first have to establish, therefore, the current status of the bankruptcy case.
If the bankruptcy is discharged, the trial court shall vacate its previous order and rehear the case. If the bankruptcy is not discharged, the trial court shall vacate the entire order and rehear only the child support portion of the order, with the balance of the case to be heard after the stay is lifted.
Case reversed and remanded for proceedings consistent with this opinion.
This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., and ANNE L. KILBANE, J., CONCUR.
[1] Similarly, since the court had the new address of the attorney by February 4, 1999, the trial court erred in mailing the journal entry to the former address.