I respectfully dissent. The determination of what constitutes "excusable neglect" under Civ.R. 60(B)(1) is primarily a judgment call for the trial court in which all the surrounding facts and circumstances must be considered. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 79.
An appellate court reviews a decision on a Civ.R. 60(B) motion under the abuse of discretion standard. Strack v. Pelton (1994),70 Ohio St.3d 172, 174. Abuse of discretion connotes that the court's decision was unreasonable, arbitrary, or unconscionable. Cedar BayConstr., Inc. v. Fremont (1990), 50 Ohio St.3d 19, 22. It is found in the rare instance when a decision is so grossly violative of fact and logic so as to demonstrate perversity of will, defiance of judgment, undue passion, or extreme bias. Huffman v. Hair Surgeon, Inc. (1985),19 Ohio St.3d 83, 87. Thus, an abuse of discretion cannot be found simply because a reviewing court would have decided the case differently.
Although each individual case must be looked at specifically based on its own facts and circumstances, the Ohio Supreme Court in Kay v. MarcGlassman, Inc. (1996), 76 Ohio St.3d 18, provided guidance as to what type of circumstances may be regarded as excusable neglect and lends support to the trial court's finding here. In Kay, an attorney did not file an answer because a secretary misfiled it due to office reorganization. The Supreme Court reiterated its position that inaction based on "complete disregard for the judicial system" does not constitute "excusable neglect." Kay, at 20, citing GTE Automatic Elec. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, 153 and Rose Chevrolet, Inc.v. Adams (1988), 36 Ohio St.3d 17, 21. However, the Court went on to hold that the attorney's conduct in failing to file his answer was due to excusable neglect and held that the trial court had abused its discretion in not granting the Civ.R. 60(B) motion.
The facts and circumstances here are analogous to Kay. In the case subjudice, the attorney did not timely file an answer due to his secretary's resignation two days before the answer was due and the disorder attendant to her departure. According to his Civ.R. 60(B) motion, which counsel verified as true, the staff disruption coupled with counsel changing law offices caused the missed deadline.
The trial court reviewed these facts and made a "judgment call" that counsel's failure to file a response under these circumstances amounted to excusable neglect. While courts should be mindful of carefully scrutinizing the veracity of the blame-the-secretary excuse, nonetheless I cannot find that the trial court's decision was so violative of fact and logic so as to demonstrate perversity of will, defiance of judgment, undue passion or extreme bias. See Huffman, 19 Ohio St.3d at 87. A contrary conclusion seems to venture afield of the deferential abuse of discretion standard of review that governs this Court's consideration of the lower court's actions. I would affirm.