OPINION
Defendants-appellants Marsha Greenberg and Westside Jewelry Loan, Inc., appeal from an order of the trial court denying their motion for relief from judgment, pursuant to Civ.R. 60(B)(1). The defendants were seeking relief from a default judgment that had been entered against them. The defendants contend that the trial court abused its discretion by finding that their attorney's failure to have executed and filed an answer before the taking of the default judgment did not constitute excusable neglect. We conclude that the trial court did not abuse its discretion in so finding. Accordingly, the order of the trial court denying the motion for relief from judgment is Affirmed.
Plaintiff-appellee Utica Mutual Ins. Co. filed a complaint against defendants Greenberg and Westside Jewelry seeking to recover on a bond that had been executed by the defendants in connection with their sale of Ohio Lottery tickets. Upon motion, no answer having been filed, default judgment was entered on June 7, 2000, in the amount of $8,508.52, plus interests and costs, against both defendants. A month later, on July 10, 2000, the defendants filed an answer to the complaint.
September, 2000, upon the motion of the defendants, the trial court allowed them to file a third-party complaint against Mark Gordon.
October 2, 2000, the trial court evidently became aware of the fact that default judgment had already been entered, and vacated and set aside the answer and subsequent third-party complaint, sua sponte.
December 7, 2000, exactly six months after the default judgment, and just over two months after the order vacating their answer and third-party complaint, the defendants moved for relief from the default judgment, pursuant to Civ.R. 60(B)(1). The defendants submitted affidavits in which it was averred that they had a defense to the complaint, and that their failure to have filed an answer to the complaint before the default judgment was taken against them was due to the excusable neglect of their counsel. The latter averments are set forth as follows in the affidavit of defendants' counsel:
 YOUR AFFIANT FURTHER STATES that upon receiving a copy of the summons and a copy of the complaint which was filed by the plaintiff in the within action, that he had arranged to file the necessary answers and third-party complaint in this case.
 YOUR AFFIANT FURTHER STATES that he had instructed his secretary to prepare the necessary pleadings and to notify him of the deadline for filing the responses to the plaintiff's complaint.
 YOUR AFFIANT FURTHER STATES that the secretary who was entrusted with this responsibility failed to do so and the documents did not get prepared and filed in accordance with the instructions by the undersigned.
 YOUR AFFIANT FURTHER STATES that during this period of time, a new secretary was hired and that she too was unaware of the fact that responses were required to be prepared and filed in this case.
 YOUR AFFIANT FURTHER STATES that as a result of the mix-up and the neglect, that he too failed to file answer timely, but immediately filed an answer upon realizing that there had been a failure to properly file the answer within time.
 YOUR AFFIANT FURTHER STATES that the mix-up and the failure reflected in the above constitutes excusable neglect as characterized in Rule 60(B) of the Ohio Rules of Civil Procedure.
The trial court denied the motion for relief from judgment, finding that the neglect of the defendants' counsel in failing to execute and file an answer before the taking of the default judgment did not constitute excusable neglect. From the denial of their motion for relief from judgment, defendants appeal.
 II
The defendants' sole assignment of error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANTS' MOTION FOR RELIEF FROM JUDGMENT.
The defendants' motion for relief from judgment is predicated upon the provision in Civ.R. 60(B)(1) for relief from judgment based upon "excusable neglect." "Excusable neglect" is an elastic term that necessarily involves the exercise of substantial discretion. The defendants recognize this, but argue that the trial court did abuse its discretion in finding that their trial counsel's failure to have executed and filed an answer before the taking of the default judgment against them did not constitute excusable neglect. The defendants rely upon Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18. In that case, counsel for a defendant timely prepared and signed an answer, together with a request for production of documents and interrogatories, and gave the signed pleadings and cover letters to his secretary for mailing to the court and to opposing counsel. The secretary was in the process of helping sort out the law firm's bookkeeping system following the retirement of the firm's bookkeeper. She mistakenly returned the case file containing the signed answer and pleadings to the file drawer instead of mailing them. The Ohio Supreme Court held that the attorney's conduct in that case constituted excusable neglect.
In our view, the facts in the case before us are distinguishable. In the case before us, the defendants' attorney did not sign an answer, and then give it to his secretary with instructions to mail it to the court for filing. He merely directed his secretary to prepare an answer, and then failed to follow up when this was not done. It is one thing to entrust the mailing of a pleading to a secretary; it is quite another to entrust the execution of the pleading — that is, the signing of it, perhaps by means of a signature stamp — to a secretary. The signing of a pleading is specifically covered by Civ.R. 11 and involves the attorney in the exercise of professional judgment. The attorney is subject to sanctions, under Civ.R. 11, if the attorney fails to exercise professional judgment properly in accordance with that rule.
In our view, the execution of an answer, unlike the mailing of an answer, is not a matter that can properly be entrusted to a secretary and then forgotten. In the absence of some indication that the attorney has employed a reasonable system for keeping track of pleadings that have not yet been signed by the attorney, and that this system failed, for reasons constituting excusable neglect, to bring to the attention of the attorney the fact that the pleading had not yet been executed, we conclude that the trial court did not abuse its discretion in finding, as it did, that the defendants failed to demonstrate excusable neglect.
The defendants' sole assignment of error is overruled.
 III
The defendants' sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
GRADY and YOUNG, JJ., concur.