DECISION.
{¶ 1} In May 2002, plaintiff-appellant Riverview Crossing, Inc., attempted to evict defendant-appellee Nancy J. Striker-Greiwe from its mobile-home park for failure to pay her rent before 1:00 p.m. on the tenth of that month. At the eviction hearing, Striker-Greiwe and Riverview Crossing each submitted a copy of Riverview Crossing's park guidelines, which articulated the rental policy. Riverview Crossing's copy of the park guidelines stated (1) that rent was due on or before the first day of each month; (2) that rent received between the fifth and tenth day of the month would be accepted with a late charge; and (3) that rent would only be accepted after 1:00 p.m. on the tenth day if the resident had prior written approval from the leasing agency. Striker-Greiwe's copy of the guidelines stated that residents had until the fifteenth of the month to pay rent and that between the fifteenth and the twentieth of the month rent would be accepted with a late charge.
 {¶ 2} Striker-Griewe also testified that the former leasing manager of Riverview Crossing, Shirley Reece, gave her a copy of the rental policy in August of 1998 when she had signed her lease. Striker-Greiwe testified that in 1998 rent payments had to be mailed to the leasing agency, and that was why the rules allowed the residents to have until the fifteenth of each month to pay rent. Striker-Griewe testified that the rental policy might have been changed when Riverview installed a drop box on its property for rent payments, but that she never received notice that the policy had been changed.
 {¶ 3} At the end of the hearing, the magistrate found in favor of Striker-Greiwe. Shortly after judgment was entered, Riverview Crossing moved for relief from judgment pursuant to Civ.R. 60(B), asserting that Striker-Griewe had misrepresented facts to the court when she had submitted an allegedly altered copy of the rental policy.[1] In support of its motion, Riverview Crossing submitted the affidavit of Ron Holwadel, the current manager of Riverview Crossing, Shirley Reece, the former manager, and Don Frazier, the General Manager of Holiday Parks Communities, Inc., the owner of Riverview Crossing.
 {¶ 4} Holwadel, who was at the underlying eviction hearing, declared that from June 2001, when he became the manager, Riverview Crossing's policy had been to accept rent payments until 1:00 p.m. on the tenth of the month without prior, written approval. Reece, the former manager, stated that she had personally explained the rent policy to Striker-Greiwe when she had signed the lease. Reece stated that to the best of her knowledge the policy of rent becoming due on the first day of the month and being accepted until 1:00 p.m on the tenth day had not changed during the ten years of her employment with Riverview Crossing. Finally, Frazier stated that he had the sole authority to change or alter the rental policy of Riverview Crossing and that the policy for accepting rent had been the same for the past twenty years.
 {¶ 5} Additionally, Riverview Crossing submitted a copy of the rental policy that Striker-Greiwe had submitted at the eviction hearing and noted the inconsistencies (typing that extended beyond the left margin, different font sizes for the dates when rent was due and whited-out letters) with the allegedly correct copy of the rental policy that Riverview Crossing had submitted at the hearing.
 {¶ 6} Without conducting a hearing, the trial court denied Riverview Crossing's motion for relief from judgment and a new trial. Bringing forth four assignments of error, Riverview Crossing now appeals from that judgment. We consider the assignments of error out of order for purposes of this decision.
 {¶ 7} In its second assignment of error, Riverview Crossing asserts that the trial court erred in denying its Civ.R. 60(B) motion without holding a hearing to resolve the factual disputes in this case. We agree.
 {¶ 8} The Ohio Supreme Court has held that where a motion for relief from judgment and its supporting evidence contain operative facts that would warrant relief under Civ.R. 60(B), the trial court should grant an evidentiary hearing prior to ruling on the motion.[2] Failure to do so constitutes an abuse of discretion.[3]
 {¶ 9} Here, Riverview Crossing sought relief from judgment based upon Civ.R. 60(B)(3), which provides that a court may relieve a party from a final judgment for "fraud * * *, misrepresentation or other misconduct of an adverse party." Riverview Crossing asserted in its motion for relief from judgment that the copy of the rental policy that Striker-Greiwe had submitted at the eviction hearing had been fraudulently altered. The affidavits submitted in support of Riverview Crossing's motion, coupled with the copy of the rental policy that Striker-Greiwe had submitted at the hearing, which appeared to have been altered, sufficiently set forth grounds that would have warranted relief from judgment.
 {¶ 10} The affidavits of Holwadel and Frazier maintained that Riverview Crossing's rental policy had been the same from the time that Striker-Greiwe had signed her lease in August 1998 until the present and that the rental policy made rent due on or before the first of the month, but that rent would be accepted from the fifth until the tenth of the month at 1:00 p.m. with a late charge. The affidavit of Reece was submitted to demonstrate that Striker-Greiwe had notice of that rental policy at the time she had signed her lease. The copy of the park's guidelines that Striker-Greiwe submitted had typewritten words that extended beyond the left margin on specific lines and markings on the paper that appeared to be from liquid correction fluid.
 {¶ 11} Based on these circumstances, the trial court should have conducted a hearing to resolve factual issues prior to ruling on the Civ.R. 60(B) motion. Accordingly, the second assignment of error is sustained.
 {¶ 12} In sum, we reverse the judgment of the trial court and remand this cause for purposes consistent with this decision and the law. Because we have reversed the trial court's judgment based on the second assignment of error, we do not address the remaining three assignments, as they are now moot.
Judgment reversed and cause remanded.
Sundermann, P.J., Hildebrandt and Gorman, JJ.
[1] Riverview Crossing also moved, in the alternative, for a new trial.
[2] Kay v. Marc Glasserman, Inc., 76 Ohio St.3d 18, 1996-Ohio-430,665 N.E.2d 1102; Coulson v. Coulson (1983), 5 Ohio St.3d 12, 16,448 N.E.2d 809.
[3] Id.