OPINION
{¶ 1} Appellant Pamela Protos[1] appeals the decision of the Stark County Court of Common Pleas that denied her motion for relief from judgment. The following facts give rise to this appeal.
 {¶ 2} This appeal is the result of a judgment taken, by The First National Bank of Massillon ("First National"), in January 1986, against George and Pamela Protos. The Stark County Court of Common Pleas entered judgment on seven promissory notes. Both George and Pamela Protos signed four of the notes. Only George Protos signed the three remaining notes. The combined judgment entered by the trial court totaled $306,802.94. In order to keep the judgment alive, liens were filed on the judgment in 1991, 1995 and 2000. In December 2001, the successor in interest to First National, First Merit Bank, NA, assigned the judgment to Appellee Landmark America, Inc. ("Landmark"). Landmark transferred the judgment to Georgia, where appellant and George Protos now reside.
 {¶ 3} Shortly after the transfer of the judgment, negotiations commenced between Landmark and counsel for appellant and George Protos. Landmark concluded that as of June 9, 2003, after crediting against the judgment all the collateral which had been liquidated by First National, appellant and George Protos owed $345,825.24. Landmark informed counsel for appellant and George Protos of the amount still owing.
 {¶ 4} In response, appellant and George Protos claim they owe nothing on the judgment because of a deal entered into with First National in March 1985. Appellant contends the deal she and George Protos entered into with First National is contained in a letter. According to the letter, First National agreed to waive its right to collect interest, effective April 1, 1985, and its right to foreclose collateral if appellant and George Protos voluntarily surrendered their collateral to the bank and gave them a new note for $40,000 to cover lapsed interest on their loans.
 {¶ 5} On September 30, 2002, appellant and George Protos filed a motion for relief from judgment pursuant to Civ.R. 60(B)(4) and (5). At the hearing on the motion, Landmark introduced two demand letters, from First National, dated January 1986, in which First National requested appellant and George Protos to pay their loans. Also at the hearing, Landmark introduced the testimony of the former attorney for First National. The attorney testified that First National instructed him to take judgment against appellant and George Protos in January 1986 and to proceed with foreclosure of their assets.
 {¶ 6} Following the hearing on the motion for relief from judgment, George Protos filed, with the trial court, a "Notice of Bankruptcy Filing." On February 6, 2003, the trial court issued a judgment entry denying the motion for relief from judgment. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 7} "I. Defendants Can Assert Satisfaction Of A Judgment Any Time After The Judgment Is Taken.
 {¶ 8} "II. Plaintiff, First National Bank In Massillon, NKA First Merit Na And Its Assigneee (sic) Landmark America Inc. Is Required By Law To Apply The Proceeds From The Sale Of Mortgaged Property To The Mortgage Debts.
 {¶ 9} "III. Interest Is Not Owed On The Mortgage Debts After April 1, 1985 Due To The Modification Of The Mortgage Debts By Plaintiff, First National Bank Of Massillon And Defendant-appellant, Pamela J. Protos And Defendant George P. Protos."
 I {¶ 10} Appellant maintains, in her First Assignment of Error, that the trial court erred when it determined the motion to vacate pursuant to Civ.R. 60(B)(4) was not filed within a reasonable time because a party may assert satisfaction of a judgment any time after the judgment is taken.
 {¶ 11} Appellant sought relief from judgment pursuant to Civ.R. 60(B)(4) and (5). This rule provides, in pertinent part:
 {¶ 12} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (5) any other reason justifying relief from the judgment. * * *"
 {¶ 13} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that she has a meritorious defense or claim to present if relief is granted; that she is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and that the motion is made within a reasonable time. GTE AutomaticElectric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The standard by which we review a trial court's decision on a Civ.R. 60(B) motion is abuse of discretion. Kay v.Marc Glassman, Inc. (1996), 76 Ohio St.3d 18. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} In its judgment entry, among other reasons, the trial court concluded that appellant was not entitled to relief from judgment because of the time lapse between the granting of the judgment, January 31, 1986, and appellant's filing of her motion to vacate the judgment, September 30, 2002. Judgment Entry, Feb. 6, 2003, at 1. The trial court concluded that the sixteen and one-half years time lapse was unreasonable, especially since it involved a judgment on a cognovit note. Id. at 2.
 {¶ 15} Landmark agrees with appellant's proposition that a party may assert satisfaction of a judgment any time after the judgment is taken, but maintains that appellant failed to establish, at the hearing, that the judgment was satisfied. Appellant's main argument was based upon the alleged agreement entered into with First National to waive interest on its judgment. The letter referred to by appellant is dated March 1985 and indicates First National agreed to waive interest, effective April 1, 1985, and its right to foreclose collateral if appellant and George Protos voluntarily surrendered their collateral to the bank and gave the bank a new note for $40,000 to cover lapsed interest on their loans.
 {¶ 16} Appellant contends she and George Protos complied with the demands of this letter. However, the record indicates appellant and George Protos were unable to locate the bank officer who entered into the alleged agreement. Tr. Hrng., Jan. 17, 2003, at 84-85. Further, and most importantly, appellant and George Protos presented no evidence, at the hearing, that they deeded any property back to First National pursuant to the alleged terms of the agreement to waive interest. Id. at 32. In fact, the evidence indicates First National subsequently foreclosed on the properties. Id. at 50-53.
 {¶ 17} Based upon the above evidence, we conclude the trial court did not abuse its discretion when it denied appellant's motion for relief from judgment. Appellant did not establish that she had a meritorious defense to present if the trial court granted relief. The evidence did not establish that First National waived interest owed on the judgment as of April 1, 1985. Also, appellant did not establish that she was entitled to relief from judgment under Civ.R. 60(B)(4) because she did not prove that the judgment has been satisfied.
 {¶ 18} Finally, the trial court did not abuse its discretion when it determined the motion was not made within a reasonable time. Appellant and George Protos did not file their motion for relief from judgment until sixteen and one-half years after the judgment was taken in the trial court even though they claimed, at the hearing, that an agreement was allegedly entered into in 1985 to stop the interest on three of the loans.
 {¶ 19} Appellant's First Assignment of Error is overruled.
 II {¶ 20} In her Second Assignment of Error, appellant maintains the trial court erred when it failed to vacate the debt against her. We disagree.
 {¶ 21} In support of this assignment of error, appellant claims the portion of the judgment against her is $249,361.88. If the proceeds from the foreclosed properties are applied to that portion of the judgment and the judgment earned no interest, she has satisfied the judgment and is entitled to the requested relief.
 {¶ 22} We determined, in the First Assignment of Error, that appellant and George Protos did not establish, at the hearing, that they entered into an agreement with First National whereby First National agreed not to charge them interest as of April 1, 1985. With the addition of interest, the balance of the judgment is considerable no matter how the proceeds are allocated. The judgment will not be satisfied as to either appellant or George Protos. Further, the record indicates the seven notes were merged into one judgment and that judgment accrues interest as a single judgment.
 {¶ 23} Appellant also maintains Landmark should have credited the judgment with a check from Travelers Insurance in the amount of $51,250. However, this check was not credited because there was no evidence that the bank received the check in 1984 as alleged by appellant and George Protos. In fact, in 1988, the property in question was the subject of a foreclosure action which resulted in a $13,750 deficiency balance owed to First National.
 {¶ 24} Based upon the above evidence, we find the trial court did not err when it declined to vacate the debt against appellant.
 {¶ 25} Appellant's Second Assignment of Error is overruled.
 III {¶ 26} Appellant contends, in her Third Assignment of Error, that interest is not owed on the mortgage debts after April 1985 because of an agreement entered into between George Protos and First National. We disagree.
 {¶ 27} This issue was addressed in appellant's First Assignment of Error. We determined the trial court did not abuse its discretion when it declined to accept the existence of this agreement.
 {¶ 28} Accordingly, appellant's Third Assignment of Error is overruled.
 {¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
[1] Only Pamela Protos filed a notice of appeal. On February 3, 2003, George Protos filed a "Notice of Bankruptcy Filing" which stayed these proceedings against him.