DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Vermillion Municipal Court. There, appellee was awarded $2,403 in damages for loss of his personal property. Because we conclude that the trial court did not err by denying appellant's motion for relief from judgment, we affirm.
This case arose after the parties dated and lived together, but could not agree on exchanging property when the relationship ended. On December 17, 1988, appellee, Anthony Lorello, sued appellant, M. J. Kerr, claiming she had not returned various items of his personal property, such as tools, jewelry, and photographs. Appellee requested judgment in the amount of $8,000, or alternatively, the return of the property.
On March 12, 1998, appellee was awarded a default judgment in the amount of $8,000. After appellee initiated garnishment proceedings to collect the judgment, appellant retained an attorney who moved to vacate the default judgment. The court vacated the default judgment on May 8, 1998. On May 21, 1998, appellant filed an answer as well as a counterclaim seeking the return of some of her property from appellee.
The day before a pretrial scheduled for August 28, 1998, appellant's attorney filed a motion to withdraw as counsel. That instrument, which also served as a court order upon approval by the judge, referred only to "D.R. 2-110(C)(1)(b) and (d) and (e)"[1] as grounds, but did not explain any facts. Although the document indicated that a copy[2] of it had been sent to appellant and opposing counsel, no certificate of service was included. The trial court granted the motion the same day without a hearing. The document contained an additional notation indicating that the trial court mailed a copy of it on September 1, 1998.
At the pretrial held on the following day, August 28, 1998, the trial court scheduled trial for September 24, 1998, at 9:00 a.m. Appellant attended the pretrial. On September 1, 1998, the trial court mailed a copy of the entry setting the trial date "to parties."
On September 24, 1998, the date of the trial, the court entered the following judgment entry:
 "Case called for trial. [Appellant] failed to appear. Upon evidence presented by
[appellee], judgment is render against
[appellant] as follows:
$2300 for gold diamond necklace
$ 35 for drill bits, and
 $ 100 as compensation for failure to return the driver's license of Josephine Lorello. "Total judgment against [appellant] is $2,435.00 plus the costs of this action."
On October 6, 1998, appellant's new counsel filed a "Motion for New Trial and to Vacate the Judgment" pursuant to Civ.R. 59(A) and 60(B). Appellant contended that she could not secure new counsel between the time her attorney withdrew on August 28, 1998 and the trial date of September 24, 1998. Further, appellant alleged that she was under medication for emotional stress and did not understand the court process. Appellant claimed that she contacted the clerk of the court to secure a continuance the week before the trial because she could not locate an attorney to represent her. According to appellant, the clerk advised her that the court would not grant a continuance and the trial date was September 25, not September 24. Appellant appeared for trial at 9:00 a.m. on September 25, 1998.
Appellant contended that she should be allowed to present her defenses during a full hearing. Specifically, she maintained that appellee had given her a necklace as a gift. Further, she claimed that appellee did not own his deceased wife's driver's license, which had no monetary value. The trial court denied the motion.
Appellant now appeals, setting forth the following assignments of error:
 "I. The trial court erred when it overruled the appellant's motion for relief from judgment without holding a hearing.
 "II. The trial court erred and abused its discretion when it granted appellant's attorney's motion to withdraw the day before final pretrial without a hearing or notice to appellant and then set the matter immediately for trial without first giving appellant an opportunity to hire new counsel.
 "III. The trial court erred when it granted judgment for appellee in the amount of $100.00 for compensation for his late wife's driver's license.
 "IV. The trial court erred when it awarded judgment for appellee for a gold necklace when no evidence or proof of record was presented as to its value."
 I.
In her first assignment of error, appellant contends that the trial court abused its discretion by denying her motion for relief from judgment under Civ.R. 60(B)(1) and (5). Appellant specifically challenges the fact that the court failed to hold a hearing where the motion and its attachments contain allegations of operative facts warranting relief under Civ.R. 60(B). According to appellant, those operative facts demonstrated she had meritorious defenses to appellee's claims (such as she had received some of the disputed property as gifts or had already returned other items of property to appellee), which she would have presented at trial had she not misunderstood the trial date.
Civ.R. 60(B) provides in relevant part:
 "On motion and upon such terms as are just, the court may relieve a party or his legal
 representative from a final judgment, order or proceeding for the following reasons:
 "(1) mistake, inadvertence, surprise or excusable neglect;
* * *
 "(5) any other reason justifying relief from the judgment."
To prevail on a motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within the time periods prescribed. GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus. Whether relief should be granted due to the excusable neglect of a party is addressed to the sound discretion of the trial court. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77.
Appellant contends that the trial court incorrectly evaluated the second step of that formula in that it should have conducted a hearing to determine whether her error about the trial date warranted relief from judgment as excusable neglect or mistake. A "trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment." Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18,19 (citation omitted). Civ.R. 60(B) is a remedial rule to be liberally construed to serve the ends of justice. Id.
To support her motion, appellant attached an affidavit stating she had been present at the August 28, 1998 pretrial when the September 24, 1998 trial date was set. Because she misplaced the notice of the trial date sent by the court, she visited the court to ascertain the date. She contends that she was incorrectly informed. She also avers that the trial court would not grant her a continuance to obtain new counsel.
The Supreme Court of Ohio, however, has determined that the inaction of a defendant does not constitute "excusable neglect" if it can be labeled as a "complete disregard for the judicial system." Id. at 20, quoting GTE Automatic Elec.,47 Ohio St. 2d at 153. In this case, appellant allegedly made efforts to engage a new attorney after the August 28, 1999 pretrial, but waited until a week before trial to bring her dilemma to the court. Clearly, appellant was aware of the impending trial.
Appellant had received notice of the trial date twice — once at the August 28, 1998 pretrial, and once more when the court mailed a copy of its entry on September 1, 1998. Regard less of what a court clerk may or may not have orally advised her, a trial court speaks only through its journal. State v. King (1994),70 Ohio St.3d 158, 162. Appellant had written notice of the trial date, and the fact she had forgotten the correct date in less than a month, even if on medication, does not constitute excusable neglect. Compare Fouts v. Weiss Carson (1991), 77 Ohio App.3d 563,566 (defendant did not establish excusable neglect for failing to answer complaint because she did not allege operative facts demonstrating that emotional stress rendered her incompetent or unable to understand legal obligations).
Furthermore, appellant was aware that failure to abide by a court's deadlines could result in a judgment against her, as evidenced by her successful efforts three months earlier to vacate the prior default judgment awarded against her. Having been through that process with the benefit of counsel, appellant knew the importance of having an attorney immediately where she lacked "sophistication in legal matters and [needed] legal representation." Nevertheless, any lack of familiarity with the judicial system as a lay person is not a decisive factor in determining excusable neglect where the circumstances should have alerted her to the need to act promptly. See Katko v. Modic
(1993), 85 Ohio App.3d 834, 838. Her affidavit statement that she "met with several attorneys following the pretrial but no one would represent me" does not provide sufficient operative facts to determine whether appellant's efforts to secure new counsel were diligent or dilatory, let alone why no attorney would represent her.
Upon a complete review of the record, we conclude that appellant did not demonstrate that relief was warranted for excusable neglect under Civ.R. 60(B)(1) or for extraordinary circumstances under Civ.R. 60(B)(5). See Adomeit v. Baltimore
(1974), 39 Ohio App.2d 97, 105. As a result, the trial court properly denied the motion without a hearing. Gaines Stern Co.,L.P.A. v. Schwarzwald, Robiner, Wolf Rock Co., L.P.A.
(1990), 70 Ohio App.3d 643, 646 (citations omitted). Accordingly, appellant's first assignment of error is not well-taken.
 II.
In her second assignment of error, appellant contends that the trial court should not have granted her original attorney's motion to withdraw the day before the August 28, 1998 pretrial without a hearing or notice. Appellant asserts that, as a result, she was deprived of an opportunity to obtain legal counsel because on the following day, the trial court set a trial date for twenty-seven days later.
A trial court's decision to grant or deny an attorney's motion to withdraw from representing a client will not be disturbed on appeal absent an abuse of discretion. McGraw v.Convenient Food Mart (June 18, 1999), Lake App. No. 97-L-271, unreported citing Bennett v. Bennett (1993), 86 Ohio App.3d 343,347. Courts are reluctant to approve withdrawal of counsel on the eve of trial or when the client will be left unrepresented at trial." McGraw, supra, quoting Guttenberg Snyder, The Law of Professional Responsibility in Ohio (1992), 79.
Appellant correctly points out that her original attorney's motion to withdraw improperly omits a certificate of service. See Civ.R. 5(D). Nonetheless, the document constituting the "motion and order" contains a notation that her attorney provided a copy to appellant. It also indicates that the court sent her a copy of the approved order after the court signed and journalized it on September 1, 1998.
More importantly, by attending the pretrial the day after her attorney withdrew, appellant was fully aware that her attorney no longer represented her. We note that the motion to withdraw could have been made orally at the pretrial, so it is not clear how the absence of a certificate of service prejudiced appellant. While the failure to complete a certificate of service is not a practice to be condoned, that technical violation did not harm appellant who had notice of her attorney's intent to withdraw. See Stratton v. Stratton (Jul. 6, 1998), Butler App. No. CA97-10-200, unreported.
Although twenty-four days is not a large span of time in which to secure an attorney for trial, it is not "on the eve of trial". Compare Hughes v. Hughes (Dec. 10, 1998), Cuyahoga App. No. 73834, unreported (trial court abused discretion by denying motion for continuance where attorney withdrew three days before trial of complex issues); McGraw, supra (trial court would not permit attorney to withdraw on the morning of trial). Here, this case had been initiated nine months earlier and the issues and evidence to be presented by both sides at a trial were not complicated.
Accordingly, appellant's second assignment of error is found not well-taken.
 III.
We will discuss appellant's third and fourth assignments of error together because both concern the trial court's award of damages. Appellant contends that the trial court should not have awarded appellee $100 as compensation for his deceased wife's driver's license which had no fair market value and which appellant could not own. Appellant also asserts that the trial court should not have awarded appellee damages for a gold necklace without evidence of its value.
When a defending party who has pleaded does not appear for trial, the party seeking relief should present affirmative proof of the essential elements of the claim. Ohio ValleyRadiology Assoc., Inc. v. Ohio Valley Hosp. Assoc. (1988),28 Ohio St.3d 118, 122; see Civ.R. 55(A). The general measure of damages for lost, destroyed, or stolen property is its reasonable market value. Maloney v. General Tire Sales (1973),34 Ohio App.2d 177, 184. Where market value cannot be ascertained, the standard of value to the owner is sometimes used. Richmondv. Gerard (Mar. 19, 1996), Franklin App. No. 95 APE06-738, unreported (citation omitted).
We cannot address the merits of appellant's third and fourth assignments of error because she did not provide a written transcript, or appropriate substitute, of the hearing. In the docketing statement and praecipe filed with her notice of appeal, appellant asserted, "No transcript is available because no transcript was taken" and no transcript, or substitute for a transcript, would be included in the record on appeal. While there is no standing obligation to record civil proceedings absent request, a transcript of proceedings is required for an appeal raising questions concerning evidence presented to the trial court. See M.C.Sup.R. 8(A), (B), and (D); App.R. 9,; Loc. R. 29 of Vermillion Mun. Ct. An appellant may submit a statement of evidence when no report was made or when the transcript is not available. See App.R. 9(C) and D. Appellant has provided neither a transcript nor a statement of evidence.
App.R. 9(B) provides that an appellant who "intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, "must include in the record a transcript of all evidence relevant to such findings or conclusions." Without a written transcript, or authorized substitute for a transcript, we cannot determine whether appellee properly proved damages and we must assume the regularity of the trial court proceedings. Fallsway Equipment Co.v. Kirtland Auto Sales, Inc. (June 30, 1999), Geauga App. No. 98-G-2169, unreported, citing Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197; See App.R. 9.
Accordingly, appellant's third and fourth assignments of error are found not well-taken.
On consideration whereof, the court finds substantial justice was done the party complaining, and the judgment of the Vermillion Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ JUDGE Peter M. Handwork, P.J.
 _______________________________ JUDGE CONCUR. James R. Sherck, J.
 _______________________________ JUDGE Mark L. Pietrykowski, J.
[1] D.R. 2-110(C) describes when an attorney may withdraw from further representation of a client with permission of the court in which the client's matter is pending. An attorney may not request permission to withdraw unless the client:
 "(b) personally seeks to pursue an illegal course of conduct.
"* * *
 "(d) By other conduct renders it unreasonably difficult for the lawyer to carry out his employment effectively.
 "(e) Insists, in a matter not pending before a tribunal, that the lawyer engage in conduct that is contrary to the judgment and advice of the lawyer but not prohibited under the Disciplinary Rules."
[2] A notation below the attorney's signature indicated, "cc: Jay Marcie [and] M.J. Kerr."