OPINION
Arthur LaRosa ("appellant") appeals the February 1, 2001 judgment entry by the Geauga County Court of Common Pleas, denying appellant's Civ.R. 60(B) motion to vacate the April 10, 2000 judgment entry of divorce. For the following reasons, we affirm the decision of the lower court. The facts and procedural posture will be limited to that which is relevant to the instant appeal.
Appellant and Susan LaRosa ("appellee") were married on June 6, 1986. Two children were born as issue of their marriage. On April 10, 2000, the trial court filed a judgment entry of divorce.
In that judgment entry of divorce, the trial court stated that the parties entered into a settlement agreement that was incorporated into the judgment entry. Appellant and appellee initialed each page of the judgment entry. The trial court noted that appellant appeared without counsel during the hearing that day; however, upon being advised of his right to representation, appellant waived that right. Of relevance to instant appeal, the judgment entry of divorce listed appellee's wages at $30,000. The marital residence was appraised at $140,000 with $160,000 owed and was in foreclosure. Appellant was ordered to execute a quitclaim deed, transferring his interest in the marital residence to appellee. Appellee was designated the residential parent and sole custodian of the two minor children. Appellant was granted visitation; however, he was permitted to modify visitation upon a determination by a psychologist that he was no longer suffering from depression to the extent that it interfered with visitation. As to child support, appellant was ordered to pay $312 per month, per child, and $150 dollars per month towards the $11,685.99 child support arrearage.
On July 24, 2000, now represented by counsel, appellant filed a motion to modify visitation, attaching a copy of a report by Michael B. Leach, Ph.D. Dr. Leach concluded that, based upon two clinical interviews with appellant on April 26, 2000 and May 3, 2000 and the psychological tests that he conducted, appellant was no longer clinically depressed. Dr. Leach indicated that appellant became depressed around July/August 1999. Dr. Leach also stated that appellant was taking prescription Prozac until November 1999, which helped clear his depression.
Subsequently, on November 20, 2000, appellee filed a motion to hold appellant in contempt of the April 10, 2000 judgment entry of divorce, claiming that appellant failed to pay on the child support arrearage and his current child support obligation.
On January 5, 2001, appellant, represented by counsel, filed a Civ.R. 60(B) motion to vacate the April 10, 2000 judgment entry for divorce. Appellant requested the matter be set for a hearing. Appellant alleged that the trial court erroneously ordered him to pay $11,000 in child support arrearage. Appellant also claimed that certain circumstances existed at the time of the April 10, 2000 judgment entry of divorce that warranted relief from that judgment.
Specifically, appellant contended that he was without legal representation for approximately four months, he had not had any visitation with his children for four months, he was taking psychotropic drug medication and was under psychiatric care, and his doctor informed him that he should not make any major decisions. Appellant added that, at that time, he was in a bitter divorce for two years, he was going through bankruptcy, and he was in the midst of losing his business. Finally, appellant argued that appellee misrepresented her financial position when she stated the real estate would be held for the security of the children, when she stated that $160,000 was owed on the property, and when she stated her income was $13,000. Appellant attached his affidavit, which stated that "he has read over and understands the text of the accompanying brief and says that the facts stated therein are true as he verily believes."
On January 22, 2001, appellee filed a response to appellant's Civ.R. 60(B) motion. Appellee stated the April 10, 2000 judgment entry of divorce adopted the agreement that they both signed. Appellee added that appellant waited approximately nine months to file his Civ.R. 60(B) motion. Appellee also asserted that appellant had not paid child support nor had he paid anything toward the child support arrearage. Appellee denied falsifying her income since she worked part time and, when her income increased, she admitted to that during the hearing and in the April 10, 2000 judgment entry of divorce.
Without a hearing, the trial court overruled appellant's Civ.R. 60(B) motion on February 1, 2001. The trial court stated that appellant's motion did not contain any statements of fact that were sufficient to grant his motion or to even hold an evidentiary hearing on his motion. The trial court noted that appellant's motion consisted of statements why he believed the settlement agreement, which was recited in open court and incorporated into the divorce decree, was unfair.
Thereafter, on February 8, 2001, the trial court ruled on the parties' pending motions. As to appellant's motion to modify visitation, the trial court granted visitation pursuant to the standard court schedule. As to appellee's motion, claiming that appellant failed to pay on the child support arrearage, appellant was held in contempt of the April 10, 2000 judgment entry of divorce. However, appellant was allowed to purge the contempt by paying $225 towards the arrearage.
On March 1, 2001, appellant filed a timely appeal from the trial court's denial of his Civ.R. 60(B) motion.[1] Appellant asserts the following assignment of error:
 "The trial court committed reversible error inasmuch as it failed to grant a hearing to take evidence on appellant's Civ.R. 60(B) motion, where appellant's motion contains allegations of operative facts which would warrant relief under Civ.R. 60(B)."
 In appellant's sole assignment of error, appellant contends the trial court erred in denying his Civ.R. 60(B) motion without first conducting an evidentiary hearing. Appellant asserts that his Civ.R. 60(B) motion set forth operative facts, warranting relief from the April 10, 2000 judgment entry of divorce. Appellant claims the child support arrearage was imposed upon him in the midst of a depressive state. Appellant avers that his Civ.R. 60(B) motion set forth the following operative facts: he was not represented by counsel, he was taking prescribed psychotropic drugs, he was under the care of a psychiatrist who advised him not to make any major decisions, he was prevented from seeing his children for four months, he was in bankruptcy and was losing his business, his finances could not support the trial court's orders, appellee conceded to a lesser amount of child support in a handwritten note, and appellee made misrepresentations with respect to the marital residence and her income when she represented her income to be $13,000.
Civ.R. 60(B) provides:
 "* * * [T]he court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate the following: (1) he has a meritorious defense or claim to present if relief is granted; (2) he is entitled to relief under one of the provision in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), it is not more than one year after the judgment was entered. GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Civ.R. 60(B) relief is improper if one of the above requirements is not satisfied. Strack v. Pelton
(1994), 70 Ohio St.3d 172, 174. The trial court in the exercise of its sound discretion determines "reasonable time." Miamisburg Motel v. Huntington Natl. Bank
(1993), 88 Ohio App.3d 117, 128.
Although a movant is not required to support a Civ.R. 60(B) motion with evidence in the form of affidavits or otherwise, such evidence is advisable in most cases. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20-21. The moving party must do more than make bare allegations in order to convince a trial court to set aside a judgment.Id. at 20. A movant must enlighten the court as to why relief from judgment should be granted. Id. at 20-21. This court has held that the moving party is required to submit materials of an evidential quality in relation to the second and third requirements of GTE Automatic Elec.Williams v. Ludlum (Aug. 20, 1999), Portage App. No. 98-P-0016, unreported, 1999 Ohio App. LEXIS 3869, at 8. However, as to the first requirement, the meritorious defense requirement, a movant is required to allege "operative facts." Id. at 8-9.
If a Civ.R. 60(B) motion contains allegation of "operative facts," warranting warrant relief from judgment under Civ.R. 60(B), a trial court should grant an evidentiary hearing prior to ruling on the motion. Kayv. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 19, citing Coulson v.Coulson (1983), 5 Ohio St.3d 12, 16. "Operative facts" are those facts that tend to establish the timeliness of the motion, the existence of a meritorious defense or claim, and the ground(s) for relief. Concord Twp.Trustees v. Hazelwood Builders, Inc. (July 21, 2000), Lake App. No. 98-L-249, unreported, 2000 Ohio App. LEXIS 3292, at 16, citingCaruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66. "Operative facts" can be set forth in documents such as affidavits, depositions, and interrogatories. Id. It is within the discretion of a trial court to grant a hearing on a Civ.R. 60(B) motion. Id. at 20. A trial court abuses its discretion by denying a hearing when the grounds for relief are sufficiently alleged and are supported with evidence, which would warrant relief from the judgment under Civ.R. 60(B). Kay, supra,76 Ohio St.3d at 19, citing Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 105.
On appeal, a Civ.R. 60(B) motion for relief from judgment will not be disturbed absent a showing that the trial court abused its discretion.Kay, supra, 76 Ohio St.3d at 19. Abuse of discretion is conduct that is unreasonable, arbitrary, or unconscionable. State ex rel. Edwards v.Toledo City School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 107. A Civ.R. 60(B) motion cannot be used as a substitute for filing a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment. Key v. Mitchell (1998), 81 Ohio St.3d 89, 90-91.
In the case sub judice, upon close examination of appellant's Civ.R. 60(B) motion, we cannot say that the trial court abused its discretion in denying appellant's Civ.R. 60(B) motion without conducting an evidentiary hearing. Appellant was required to do more than make bare allegations to convince the trial court to grant an evidentiary hearing and/or to set aside the April 10, 2000 judgment entry of divorce.
In particular, under the second requirement of GTE Automatic Elec., appellant was required to demonstrate that he was entitled to relief under one of the provisions of Civ.R. 60(B)(1) through (5). Appellant's Civ.R. 60(B) motion sets forth numerous allegations; however, appellant's motion fails to set forth the specific provision or provisions of Civ.R. 60(B) that are applicable. Appellant's affidavit in support of his Civ.R. 60(B) motion, merely stated that "he has read over and understands the text of the accompanying brief and says that the facts stated therein are true as he verily believes."
Next, as to the third requirement of GTE Automatic Elec., appellant must demonstrate that his Civ.R. 60(B) motion was made within a "reasonable time." Again, appellant's motion fails to address this requirement. Appellant waited almost nine months before filing his Civ.R. 60(B) motion for relief from the April 10, 2000 judgment entry of divorce. And, it appears that in July 2000, he had counsel; yet, he did not file his Civ.R. 60(B) motion until January 2001. As stated previously, a Civ.R. 60(B) motion cannot be used as a substitute for filing a timely appeal.
Finally, as to the first requirement of GTE Automatic Elec., the meritorious defense or claim requirement, appellant was required to allege "operative facts". See Williams, supra. Appellant's Civ.R. 60(B) motion alleged that, at that time he entered into the agreement that was incorporated into the judgment entry of divorce, he was not in the right state of mind because he was taking prescription psychotropic drugs, he was under the care of a psychiatrist, he had not seen his children, he was in bankruptcy, and he was losing his business. However, appellant was required to do more than make bare allegations in order to convince the trial court to set aside the April 10, 2000 judgment entry of divorce and/or to grant an evidentiary hearing.
Additionally, as to appellant's contention that counsel did not represent him at the time of the April 10, 2000 judgment entry of divorce, appellant has not demonstrated how such alleged lack of counsel entitled him to relief from the judgment entry of divorce. The April 10, 2000 judgment entry of divorce states that, during the hearing, appellant was advised of his right to representation; however, he waived that right. Appellant was represented by counsel from the commencement of the proceedings up until appellant discharged his attorney on November 17, 1999. Specifically, counsel represented appellant when the child support arrearage began to accrue on December 14, 1998, when appellant was ordered to pay $325 per month, per child, and on February 17, 1999, when the trial court modified the child support to $587 per month, per child.
Appellant also asserted in his Civ.R. 60(B) motion that appellee made misrepresentations with respect to the marital residence and her income. The April 10, 2000 judgment entry of divorce states that the marital residence was currently in foreclosure, that it was scheduled for a sheriff's sale, and that it was appraised at $140,000 with approximately $160,000 owed. However, appellant was required to do more than make bare allegations. Rather, appellant was required to enlighten the trial court as to why relief from judgment should be granted.
As to appellant's allegations that appellee misrepresented her income, the April 10, 2000 judgment entry of divorce listed that appellee was employed at Core Innovatech, LLC with a gross annual income of $30,000. The December 14, 1998 judgment entry shows that, at that time, appellee was employed by Chagrin Plastics Methods, grossing an annual salary of $13,100. Once again, appellant's Civ.R. 60(B) motion merely made bare allegations as to appellee's alleged misrepresentations with respect to her income.
Based on the foregoing reasons, the trial court did not abuse its broad discretion in denying appellant's Civ.R. 60(B) motion without holding an evidentiary hearing. Appellant's sole assignment of error is without merit. The judgment of the Geauga County Court of Common Pleas is hereby affirmed.
FORD, P.J., CHRISTLEY, J., concur.
[1] As an aside, on June 1, 2001, appellee filed a motion to hold appellant in contempt for failing to purge himself of the previous finding of contempt. On August 14, 2001, the trial court, on its own motion, ordered appellant to appear to answer a charge of contempt for failing to abide by the court's prior orders. A hearing was held.
In a judgment entry filed on October 5, 2001, the trial court found appellant in contempt of the previous court order from which he failed to purge himself. The court also found appellant in contempt of the April 10, 2000 judgment entry of divorce when he failed to abide by the order to pay child support and to pay on the arrearage. Appellant was sentenced to forty (40) days in jail for both findings of contempt. However, appellant could purge the contempt by staying current on his child support and paying $226 per month on the arrearage. That same day, October 5, 2001, the trial court granted appellant's motion for work release while he served his jail sentence.
Thereafter, on October 26, 2001, appellant filed a motion to purge the finding of contempt since he began to pay $226 per month on the arrearage and was current on his child support payments.