[Cite as *Bank of New York Mellon v. Casey*, 2011-Ohio-6887.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


THE BANK OF NEW YORK MELLON

     Plaintiff-Appellee

-vs-

WILLIAM JOSEPH CASEY, et al.

     Defendants-Appellants

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 2011 CA 31

O P I N I O N


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common Pleas, Case No. 10 CV 877


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     December 22, 2011


APPEARANCES:

For Plaintiff-Appellee

AMELIA A. BOWER
DAVID VAN SLYKE
PLUNKETT COONEY
300 East Broad Street, Suite 590
Columbus, Ohio 43215

For Defendants-Appellants

JERROLD W. SCHWARZ
Post Office Box 482
Pickerington, Ohio 43147

*Wise, J.*

**{¶1}** Defendants-Appellants Richard Wolfe and Helen Wolfe appeal the May 23, 2011, decision of the Fairfield County Court of Common Pleas, denying their motion for relief from judgment.

**{¶2}** Plaintiff-Appellee is The Bank of New York Mellon.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** The relevant facts and procedural case history are as follows:

**{¶4}** In March, 2005, Dan E. Starkey and Toni D. Starkey, Trustees of the Starkey Family Revocable Living Trust UAD April 20, 1999, entered into a contract with William Joseph Casey for the purchase and sale of real property at 955 Rock Mill Road, Lancaster, Ohio, to Best Choice Homes

**{¶5}** On or about April 11, 2005, the Starkey Trust executed and delivered a General Warranty Deed conveying the Rock Mill Property to Best Choice Homes, Inc., the registered trade name of William Joseph Casey.

**{¶6}** On or about October 16, 2006, Best Choice Homes conveyed the Rock Mill Property to William Joseph Casey. Candice Casey also executed and delivered a Quit-Claim Deed to William Joseph Casey.

**{¶7}** Ten days later, on October 26, 2006, William Joseph Casey executed and delivered a mortgage in the amount of $186,400.00 to the predecessor of The Bank of New York Mellon*.*

**{¶8}** Neither the original executed deeds nor the mortgage were ever recorded with the Fairfield County Recorder and are believed to be lost.

{¶9} In the fall of 2007, Defendants-Appellants Richard L. Wolfe and Helen E. Wolfe approached the Starkey Trust about obtaining title to the Property. The Wolfes, believing the properly was abandoned, took possession of the Property.

{¶10} On or about October 25, 2007, the Starkey Trust executed a Quit-Claim Deed to the Wolfes. That deed was then filed for record in Volume 1480, Page 2977 of Fairfield County Records. The Wolfes paid nothing in exchange for the deed. Id.

{¶11} Plaintiff-Appellee The Bank of New York Mellon filed a Complaint for Declaratory Judgment on July 20, 2010 for the imposition of a lien on property which is the subject of this appeal.

{¶12} On August 12, 2010, Defendants-Appellants filed their Answer after having been served with Summons and Complaint on July 23, 2010.

{¶13} Defendants-Appellants filed another Answer on August 19, 2010, and an Amended Answer Filing for Dismissal on August 23, 2010. They filed a third Answer on August 31, 2010.

{¶14} Defendants Dan E. Starkey, Trustee of the Starkey Family Revocable Living Trust UAD April 20, 1999, and Toni D. Starkey, Trustee of the Starkey Family Revocable Living Trust UAD April 20, 1999, filed a Motion to Dismiss on August 19, 2010.

{¶15} Plaintiff-Appellee dismissed these Defendants from the suit without prejudice on August 30, 2010.

{¶16} On September 9, 2010, Plaintiff-Appellee filed a Memorandum in Opposition to Defendants-Appellants' Amendment to Answer Filing for Dismissal and Motion for Summary Judgment.

{¶17} On September 10, 2010, Plaintiff-Appellee filed the Affidavit of Dan E. Starkey in support of summary judgment.

{¶18} On September 29, 2010, Defendants-Appellants filed their Memorandum Contra to Plaintiffs' Motion for Summary Judgment, Combined with Defendant's Richard and Helen Wolfe's Motion for Summary Judgment and Re-Placement of Amendment to Our Request for Dismissal of this Case.

{¶19} On October 6, 2010, Plaintiff-Appellee filed a memorandum in opposition to Defendants-Appellants' September 29, 2010, filing.

{¶20} Defendants-Appellants filed two "Friend of the Court" letters on October 12-13, 2010.

{¶21} On November 8, 2010, Plaintiff-Appellee responded. That same day Defendants-Appellants filed a Request for Dismissal or Summary Judgment or Jury Trial with Exhibits.

{¶22} On December 1, 2010, Defendants-Appellants filed another Request for Reversal of Summary Judgment and Grant Summary Judgment to Defendants Wolfe.

{¶23} On December 7, 2010, Defendants-Appellants filed their Answer to Plaintiffs' Response and Plaintiff's Final Judgment.

{¶24} On December 8, 2010, Plaintiff-Appellee filed a Response to the December 1, 2010 motion.

{¶25} On December 21, 2010, the trial court entered an order denying Defendants-Appellants' Request for Reversal and a Final Judgment Entry granting relief to Plaintiff-Appellee and finding no just cause for delay.

{¶26} On December 23, 2010, Defendants-Appellants filed an Answer to the trial court's December 21, 2010, Judgment Entry.

{¶27} On January 19, 2011, Defendants-Appellants filed a Motion for Leave to File Amended Answer with Counterclaim and Cross-Claim and Memorandum in Support and a Motion for Reconsideration of their Supplemental Memorandum Contra to Plaintiff-Appellee's Motion for Summary Judgment.

{¶28} Defendants-Appellants did not file an appeal from the December 21, 2010, Final Judgment Entry.

{¶29} On February 7, 2011, Defendants-Appellants filed a Supplemental Memorandum for Reconsideration.

{¶30} On February 8, 2011, Plaintiff-Appellee filed a Combined Memorandum Contra to Appellants Wolfe's Motion for Reconsideration, Supplemental Memorandum Contra Plaintiff's Motion for Summary Judgment and Motion for Leave to File Amended Answer with Counterclaim and Cross-claim and Motion to Strike.

{¶31} On February 18, 2011, the trial court filed an Order denying the Motion for Reconsideration and Motion for Leave to File Amended Answer with Counterclaim and Cross-claim and denying Plaintiff-Appellee's Motion to Strike.

{¶32} On March 7, 2011, William Joseph Casey executed a Quit-Claim Deed to Defendants-Appellants. That deed was recorded on March 17, 2011.

{¶33} On March 30, 2011, Defendants-Appellants Wolfe filed their Motion for Relief from Judgment under Civ.R. 60(B)(4) and (5), arguing that they now held title to the subject property, and therefore equitable relief from judgment was appropriate for having a "legal" interest in the property and for making improvements to the property.

Attached to their motion was a Quit-Claim Deed signed by William Joseph Casey to the Wolfes for the subject property.

**{¶34}** On April 14, 2011, Plaintiff-Appellee filed a Memorandum in Opposition to Defendants-Appellants' Motion for Relief from Judgment.

**{¶35}** On May 23, 2011, the trial court filed an Order denying Defendants-Appellants' Motion for Relief from Judgment.

**{¶36}** Appellants now appeal the May 23, 2011, Order, raising the following error for review:

## ASSIGNMENT OF ERROR

**{¶37}** "I. THE COURT ERRED IN DENYING DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT AND FAILING TO SCHEDULE AN EVIDENTIARY HEARING."

I.

**{¶38}** In their sole assignment of error, Appellants contend the trial court erred in denying their motion for relief from judgment. We disagree.

**{¶39}** Appellants in this case failed to file a direct appeal from the trial court's December 21, 2010, final judgment entry in this matter. Instead, Appellants filed a motion for relief from judgment. Appellants then appealed the trial court's May 23, 2011, judgment entry denying their motion for relief from judgment.

**{¶40}** The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of the discretion. *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914. An abuse of discretion is more than an error of judgment; it means that the

trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Id.*

{¶41} Therefore, the only issue before this Court is whether the trial court abused its discretion in denying Appellant's motion for relief from judgment under the dictates of Civ.R. 60(B).

{¶42} Civ.R. 60(B) states, in relevant part:

{¶43} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

{¶44} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that:

{¶45} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.

{¶46} Generally, the moving party's failure to satisfy any of the three requirements will result in the motion being overruled. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564.

{¶47} In the instant case, Appellants argue that they were entitled to relief pursuant to Civ.R. 60(B)(4) and/or (5).  Upon review, however, this Court finds the reasons offered by Appellants fail to justify relief from the trial court's judgment.

{¶48} Civ.R. 60(B)(4) "was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control**."** *Knapp v. Knapp* (1986), 24 Ohio St.3d 141, 146, 493 N.E.2d 1353.

{¶49} Civ.R. 60(B)(5) permits relief from judgment for "any other reason justifying relief from the judgment." Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the more specific provisions of Civ.R. 60(B). *Caruso-Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 448 N.E.2d

1365, paragraphs one and two of the syllabus. "Relief on this ground is to be granted only in extraordinary situations, where the interests of justice call for it." *Salem v. Salem* (1988), 61 Ohio App.3d 243, 245-246, 572 N.E.2d 726. Appellants have not produced any "extraordinary circumstances" in this case to warrant the use of Civ.R. 60(B)(5).

{¶50} Appellants in their brief have failed to allege operative facts to suggest that they were entitled to relief under either 60(B)(4) or (5).

{¶51} Instead, Appellants raise arguments that go beyond a decision under Civ.R. 60(B). Specifically, Appellants raise arguments concerning the trial court's December 21, 2010, decision.

{¶52} Appellants attempt to assign error to Appellee's failure to produce the original mortgage or provide an explanation as to how such was lost. Appellants also argue that Appellee failed to submit affidavits in support of their motion for summary judgment. These arguments should have been raised on direct appeal.

{¶53} It is well settled that Civ.R. 60(B) "is not available as a substitute for a timely appeal * * * nor can the rule be used to circumvent or extend the time requirements for an appeal." *Blasco v. Mislik* (1982), 69 Ohio St.2d 684, 686, 433 N.E.2d 612.

{¶54} Appellants further attempt to argue that their acquisition of a quit-claim deed from William Joseph Casey subsequent to the final decision in this case somehow creates a meritorious defense under Civ.R. 60(B). We disagree. In Ohio, the doctrine of lis pendens is codified under R.C. 2703.26, which provides:

**{¶55}** "When a complaint is filed, the action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title."

**{¶56}** Here, as stated by the trial court, Appellants acquired their interest in the subject property from William Casey after Appellee's interest had been determined by the Judgment Entry filed on December 21, 2010 but before the Sheriff's Sale of the property took place. Thus, Appellants took only the interest that William Casey had in the property. Further, the quit-claim deed acquired by Appellants from William Casey gave them Casey's interest in the property which was subject to the Judgment Entry filed on December 21, 2010.

**{¶57}** Appellant also argue that they were entitled to a hearing on their Civ.R. 60(B) motion.

**{¶58}** The Ohio Supreme Court has held that a trial court should hold a hearing on a movant's motion for relief from judgment where the movant has alleged operative facts warranting relief under Civ.R. 60(B). *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 19, 665 N.E.2d 1102. The motion and supporting documents, if any, must contain operative facts which demonstrate the timeliness of the motion, the reasons for seeking relief, and the movant's defense. *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 316 N.E.2d 469, paragraph two of the syllabus.

**{¶59}** "If the material submitted by the movant in support of a motion for relief from judgment under Civil Rule 60(B) contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing." *Id.* at paragraph four of the syllabus.

**{¶60}** Before the trial court must schedule a hearing on a motion for relief from judgment, "the movant must do more than make bare allegations that he or she is entitled to relief." *Kay,* 76 Ohio St.3d at 20, 665 N.E.2d 1102, citing *Rose Chevrolet,* 36 Ohio St.3d at 20, 520 N.E.2d 564. Appellants argued that they were entitled to relief from judgment pursuant to 60(B)(4 and 5). Upon review of the record, we cannot find that the trial court abused its discretion by denying Appellants' Civ.R. 60(B) motion.

**{¶61}** However, an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts that would warrant relief under Civ.R. 60(B). *BancOhio Natl. Bank v. Schiesswohl* (1988), 51 Ohio App.3d 130, 554 N.E.2d 1362.

**{¶62}** In this matter, we find that Appellants failed to put forth any evidence or allege any operative facts that would warrant relief under Civ.R. 60(B)(4) or (5).

**{¶63}** Appellants' sole assignment of error is overruled.

**{¶64}** For the reasons stated in the foregoing opinion, the judgment off the Court of Common Pleas, Fairfield County, Ohio, is affirmed.

By: Wise, J.
Gwin, P. J., and
Delaney, J., concur.

_____

_____

_____

                                                    JUDGES

JWW/d 1208

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


THE BANK OF NEW YORK MELLON            :
                                       :
    Plaintiff-Appellee                 :
                                       :
-vs-                                   :                JUDGMENT ENTRY
                                       :
WILLIAM JOSEPH CASEY, et al.           :
                                       :
    Defendants-Appellants              :                Case No. 2011 CA 31


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

Costs assessed to Appellant.


_____


_____


_____

JUDGES