[Cite as *Flagstar Bank, F.S.B. v. Richison*, 2012-Ohio-3198.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### UNION COUNTY

FLAGSTAR BANK, FSB,

    PLAINTIFF-APPELLEE,                   CASE NO. 14-12-01

    v.

ERIC RICHISON, ET AL.,                O P I N I O N

    DEFENDANTS-APPELLANTS.

Appeal from Union County Common Pleas Court
Trial Court No. 2011-CV-0043

**Judgment Affirmed**

**Date of Decision: July 16, 2012**

APPEARANCES:

    *Brian K. Duncan* **for Appellants**

    *Scott A. King and Terry W. Posey, Jr.* **for Appellee**

**ROGERS, J.**

{¶1} Defendants-Appellants, Eric and April Richison ("the Richisons"), appeal the judgment of the Court of Common Pleas of Union County granting summary judgment in favor of Plaintiff-Appellee, Flagstar Bank, F.S.B. ("Flagstar"), in Flagstar's foreclosure action against the Richisons. On appeal, the Richisons contend that the trial court erred in granting summary judgment in favor of Flagstar because there were genuine issues of material fact and Flagstar was not entitled to judgment as a matter of law. Based on the following, we affirm the judgment of the trial court.

{¶2} On September 19, 2007, the Richisons executed a promissory note ("the Note") with Nation One Mortgage Services, Ltd. ("Nation One") for a loan in the amount of $214,200.00. The last page of the Note bears an endorsement from Nation One to Flagstar reading, "[p]ay to the order of Flagstar Bank, FSB without recourse." (Docket No. 2, Ex. A, p. 3). The Note was secured by a mortgage ("Mortgage") encumbering property located at 383 Triple Crown Way, Marysville, Ohio ("Property").

{¶3} On February 4, 2011, Flagstar filed a complaint for foreclosure alleging that it was in possession of and the holder of the Note; that it was the holder of the Mortgage; that the Richisons were in default of payment on the Note and Mortgage securing the same; and, that a balance of $209,583.06, plus interest

remained outstanding on the Note. Attached to the complaint was a copy of the Note, Mortgage, and a mortgage assignment. Flagstar requested judgment against the Richisons for the outstanding balance on the Note, plus interest and other costs, and that the trial court order foreclosure and sale of the Property.

{¶4} On April 1, 2011, the Richisons filed their answer.

{¶5} On October 5, 2011, Flagstar filed a motion for summary judgment arguing that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. In support of its motion for summary judgment, Flagstar attached a copy of the Note, Mortgage, and mortgage assignment. In addition to the foregoing documents, Flagstar filed an affidavit of its employee Barbara Dore ("Dore"). In her affidavit, Dore attested that she is a foreclosure analyst with Flagstar; that Flagstar is and was in possession of the Note prior to filing the complaint; that the copies of the Note and Mortgage attached to the complaint are true and accurate copies of the original instruments; that the Richisons have not made payments on the Note since September 1, 2009 and, consequently, are in default of payment on the Note and Mortgage securing the same; and, that a balance of $209,583.06, plus interest remains outstanding on the Note.

{¶6} On November 16, 2011, the Richisons filed a memorandum in opposition to Flagstar's motion for summary judgment. The Richisons argued that

there were genuine issues of material fact as to whether Flagstar is a holder in due course of the Note and whether the assumption of risk doctrine applies in a foreclosure action.

{¶7} On December 1, 2011, Flagstar filed a reply to the Richisons' memorandum in opposition. Flagstar argued that status as holder in due course is irrelevant because it is entitled to enforce the Note due to its status as a holder. Flagstar also argued that the assumption of risk doctrine has no application in a foreclosure action.

{¶8} On December 9, 2011, the trial court granted summary judgment in favor of Flagstar.

{¶9} It is from this judgment the Richisons appeal, presenting the following assignment of error for our review.

### *Assignment of Error No. I*

**THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE WERE GENUINE ISSUES OF FACT AND PLAINTIFF WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.**

{¶10} In their sole assignment of error, the Richisons contend that the trial court erred in granting summary judgment in favor of Flagstar. The Richisons' contention is two-fold. First, the Richisons contend that there is a genuine issue of material fact as to whether Flagstar is a holder in due course. Second, the

-4-

Richisons contend that there is a genuine issue of material fact as to whether the assumption of risk doctrine applies in a foreclosure action. We disagree with both contentions.

**{¶11}** An appellate court reviews a summary judgment order de novo. *Hillyer v. State Farm Mut. Auto. Ins. Co.*, 131 Ohio App.3d 172, 175 (8th Dist. 1999). Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distr. Co.*, 148 Ohio App.3d 596, 2002-Ohio-3932, ¶ 25 (3d Dist.), citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 222 (1994). Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact, and (2) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In conducting this analysis the court must determine "that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, [the nonmoving] party being entitled to have the evidence or stipulation construed most strongly in the [nonmoving] party's favor." *Id*. If any doubts exist, the issue must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59 (1992).

{¶12} The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his or her argument. *Id.* The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he or she may not rest on the mere allegations or denials of his or her pleadings. *Id.* at 293; Civ.R. 56(E).

*Holder In Due Course*

{¶13} On appeal, the Richisons contend that there is a genuine issue of material fact as to whether Flagstar is a holder in due course of the Note. We disagree, finding that Flagstar's status as a holder in due course of the Note is irrelevant to the resolution of this case.

{¶14} Generally, a plaintiff producing an instrument is entitled to payment if the plaintiff proves that he or she is entitled to enforce the instrument pursuant to R.C. 1303.31. However, if the defendant proves a defense or claim enumerated in R.C. 1303.35, then the plaintiff's right to payment becomes subject to the asserted defense or claim, except to the extent that the plaintiff proves he or she

has rights of a holder in due course that are not subject to the asserted defense or claim.

{¶15} Here, there is no dispute as to whether Flagstar is entitled to enforce the Note under R.C. 1303.31. One is entitled to enforce an instrument, such as the Note, if they are a holder of that instrument. R.C. 1303.31(A)(1). A "'[h]older' with respect to a negotiable instrument means either of the following: (a) If the instrument is payable to the bearer, a person who is in possession of the instrument; (b) If the instrument is payable to an identified person, the identified person when in possession of the instrument." R.C. 1301.01(T)(1)(a), (b).[1] Review of the record reveals that Flagstar is in possession of the Note and that the Note is payable to Flagstar. Accordingly, Flagstar is a holder of the Note and therefore is entitled to enforce the same.

{¶16} Having determined that Flagstar is a holder, we must determine whether the Richisons have proven a defense or claim enumerated in R.C. 1303.35. On appeal, the Richisons do allege several defenses, but present no evidence or argument proving that any of the defenses exist. Because the Richisons failed to prove any of the defenses, Flagstar is not required to prove that it is a holder in due course in order to recover. *See Arcanum Natl. Bank v.*

---

[1] R.C. 1301.01 was repealed by 2011 Am.H.B. No. 9, effective June 29, 2011. That act amended the provisions of R.C. 1301.01 and renumbered that section so that it now appears at R.C. 1301.201. As R.C. 1301.201 applies only to transactions entered on or after June 29, 2011, we apply R.C. 1301.01 to this appeal. We note that the R.C. 1301.201(B)(21)(a) definition of "holder" is substantially similar to the R.C. 1301.01(T)(1)(a) and (b) definition of "holder."

*Hessler*, 69 Ohio St.2d 549, 551 (1982) (whether one is a holder in due course is an issue which does not arise unless it is shown a defense exists). Accordingly, the Richisons' contention concerning Flagstar's status as a holder in due course of the Note is irrelevant to the resolution of this case.

### *Assumption of Risk*

{¶17} Next, the Richisons contend that there is a genuine issue of material fact as to whether the assumption of risk doctrine applies in a foreclosure action. We disagree.

{¶18} Determining whether the assumption of risk doctrine applies in a foreclosure action is an issue of law. The Richisons fail to cite any authority applying the assumption of risk doctrine in a foreclosure action, and a review of Ohio case law yields no support for this assertion. Because the Richisons fail to support their argument with authority as required by App.R. 16(A)(7), we decline to address it. App.R. 12(A)(2). We summarily note, however, that the assumption of the risk doctrine is primarily, if not exclusively, a defense against a claim of negligence. Therefore, we find that without authority in support of their argument, the assumption of the risk doctrine is not a defense in a foreclosure action.

{¶19} Accordingly, we overrule the Richisons' sole assignment of error.

**{¶20}** Having found no error prejudicial to the Richisons herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**