[Cite as *Bank of New York Mellon v. Casey*, 2013-Ohio-4686.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS INC., BACKED CERTIFICATES, SERIES 2006-24 | : : : : : : | JUDGES: Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : : | |
| -vs- | : : | |
| WILLIAM J. CASEY AKA WILLIAM JOSEPH CASEY, ET AL. | : : | Case No. 13-CA-26 |
| Defendants-Appellees | : : : | |
| RICHARD L. WOLFE AND HELEN E. WOLFE | : : : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 2012 CV 00723

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      October 21, 2013

APPEARANCES:

For Plaintiff-Appellee

EDWARD H. CAHILL
P.O. Box 165028
Columbus, OH 43216-5028

For Defendants-Appellants

RICHARD L. WOLFE
HELEN E. WOLFE
955 Rock Mill Road, NW
Lancaster, OH 43130

*Farmer, J.*

{¶1} On July 20, 2010, appellee, The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the Cwabs Inc., Asset-Backed Certificates, Series 2006-24, filed a declaratory judgment action against William Joseph Casey, the Starkey Family Revocable Living Trust, and appellants, Richard and Helen Wolfe, seeking the rights and obligations of the parties regarding real estate located at 955 Rock Mill Road in Lancaster, Ohio (Case No. 10 CV 877). On December 21, 2010, the trial court declared that title to the property was vested with Mr. Casey and appellee was the assignee of the unrecorded MERS/Countrywide mortgage and was entitled to enforce the mortgage. The trial court also declared appellants did not have a legal or equitable interest in the property.

{¶2} On March 7, 2011, Mr. Casey executed a Quit Claim Deed to appellants which was recorded on March 17, 2011. On March 30, 2011, appellants filed a Civ.R. 60(B) motion for relief from judgment since they now held title to the property. By order filed May 23, 2011, the trial court denied the motion. This court affirmed the trial court's decision. *The Bank of New York Mellon v. William Joseph Carey, et al.,* 5th Dist. Fairfield No. 2011 CA 31, 2011-Ohio-6887.

{¶3} On July 5, 2012, appellee filed a complaint in foreclosure against appellants and others for failure to pay on a note secured by a mortgage (Case No. 2012 CV 00723). On December 11, 2012, appellee filed a motion for summary judgment. By memorandum of decision filed January 30, 2013, the trial court granted the motion. A judgment entry and decree in foreclosure was filed on February 7, 2013.

{¶4}   Appellants filed an appeal and this matter is now before this court for consideration.   Appellants set forth three issues for review which we will accept as assignments of error:

I

{¶5}   "WHETHER THE TRIAL COURT ERRED OR ABUSED ITS DISCRETION IN RULING THAT THE WOLFES WERE NOT BON FIDE PURCHASERS GIVEN THE RECORD AND ATTESTATIONS OF APPELLEE."

II

{¶6}   "WHETHER THE COURT ERRED OR ABUSED ITS DISCRETION IN GRANTING SUMMARY JUDGMENT TO APPELLEE AS AGAINST APPELLANTS CLAIM BASED ON THE VALIDITY OF AN UNRECORDED DOCUMENT PURPORTING TO BE A MORTGAGE THAT FAILS TO MEET THE REQUIREMENTS OF A MORTGAGE PURSUANT TO COMMON LAW AND OHIO PRECEDENTS."

III

{¶7}   "WHETHER THE COURT OF COMMON PLEAS ERRED OR ABUSED DISCRETION IN FINDING THAT THE APPELLEE HAD STANDING TO BRING THIS ACTION BECAUSE THE MERS MORTGAGE WAS NOT PROPERLY RECORDED."

{¶8}   Appellants challenge the trial court's granting of summary judgment to appellee.   Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.   Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

Civ.R.  56(C)   provides  that  before  summary  judgment  may  be
granted,  it  must  be  determined  that  (1)  no  genuine  issue  as  to  any

material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶9} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35 (1987).

I

{¶10} Appellants claim they are bona fide purchasers in good faith, as they paid consideration for the property and therefore took the land free from unrecorded liens. We disagree.

{¶11} On March 7, 2011, William Joseph Casey executed a Quit Claim Deed of the subject property to appellants which was recorded on March 17, 2011. See, Exhibits 16 and 17 attached to Appellant's Amendment to Wolfe's Summon's Answer filed August 7, 2012. Also attached to this pleading as Exhibit 13 is a General Warranty Deed of the property from Dan E. Starkey and Toni D. Starkey, Trustees of the Starkey Family Revocable Living Trust to Best Choice Homes, Inc. dated April 21, 2005 and recorded on April 26, 2005.

{¶12} Appellants were parties to the 2010 declaratory judgment action related to appellee's unrecorded mortgage. Appellants appeared and defended by filing an answer on August 12, 2010. On December 21, 2010, the trial court declared that title to the property was vested with Mr. Casey and appellee was the assignee of the unrecorded MERS/Countrywide mortgage and was entitled to enforce the mortgage. The trial court also declared appellants did not have a legal or equitable interest in the property. This judgment was final and never appealed. In lieu of an appeal, appellants filed a Civ.R. 60(B) motion for relief from judgment requesting equitable relief. The motion was denied and this court affirmed the decision in *The Bank of New York Mellon v. William Joseph Casey, et al.,* 5th Dist. Fairfield No. 2011 CA 31, 2011-Ohio-6887, ¶ 54-56, specifically addressing the validity of appellants' title to the property as follows:

Appellants further attempt to argue that their acquisition of a quit-claim deed from William Joseph Casey subsequent to the final decision in this case somehow creates a meritorious defense under Civ.R. 60(B). We disagree. In Ohio, the doctrine of lis pendens is codified under R.C. 2703.26, which provides:

"When a complaint is filed, the action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title."

Here, as stated by the trial court, Appellants acquired their interest in the subject property from William Casey after Appellee's interest had been determined by the Judgment Entry filed on December 21, 2010 but

before the Sheriff's Sale of the property took place.  Thus, Appellants took only the interest that William Casey had in the property.  Further, the quit-claim deed acquired by Appellants from William Casey gave them Casey's interest in the property which was subject to the Judgment Entry filed on December 21, 2010.

{¶13} Because appellants' claim of title is based on the March 7, 2011 Quit Claim Deed from Mr. Casey, appellants were not bona fide purchasers as they took title during the pendency of the declaratory judgment action to which they were a party. This court's opinion explained the doctrine of lis pendens and the bar to pursuing the bona fide purchaser claim.

{¶14}  Assignment of Error I is denied.

## II, III

{¶15} Appellants argue the unrecorded mortgage failed to meet statutory requirements and appellee lacked standing to pursue the foreclosure action.  All of appellants' arguments center around the claim that the mortgage was unrecorded.  As we noted in Assignment of Error I, the validity of the mortgage was fully litigated between the parties in the 2010 declaratory judgment action.  Appellants sought to invalidate the declaratory judgment action via a Civ.R. 60(B) motion for relief from judgment which was denied by final judgment entry filed December 21, 2010, attached to appellee's brief as Exhibit A:

This Court further finds that the Bank of New York Mellon fka the Bank of New York, as Trustee for the Certificate Holders CWABS, Inc.,

Asset Backed Certificates, Series 2006-24, is the assignee of the MERS/Countrywide mortgage and is the owner of and entitled to enforce said mortgage.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that Bank of New York Mellon has an equitable lien by virtue of a mortgage dated October 26, 2006 from William Joseph Casey to MERS/Countrywide Home Loans, Inc. in the principal amount of $186,400, on the property described above.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendants Richard L. Wolfe and Helen E. Wolfe have no legal or equitable interest in the property described above.

{¶16} Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, syllabus. "The doctrine of *res judicata* involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." *Id.* at 381. Claim preclusion "prevents a party from litigating a cause of action after a prior court has rendered a final judgment on the merits of that cause as to that party." *Krahn v. Kinney,* 43 Ohio St.3d 103, 107 (1989), citing *Norwood v. McDonald,* 142 Ohio St. 299 (1943), paragraph one of the syllabus. Issue preclusion "precludes the relitigation of an issue that has been 'actually and necessarily litigated and determined in a prior action.' "

*Krahn,* at 107, quoting *Goodson v. McDonough Power Equipment, Inc.,* 2 Ohio St.3d 193, 195 (1983).

{¶17} Appellants' present attack on the mortgage attempts to set themselves out as bona fide purchasers. However, under the doctrine of lis pendens, they are not.

{¶18} Appellants also argue appellee lacked standing to bring the foreclosure action because appellee purchased the mortgage from MERS. Appellee is the current holder of the note and mortgage as declared in the 2010 declaratory judgment action and its physical possession of the documents.

{¶19} R.C. 1303.32 governs holder in due course. Subsection (A) states the following:

(A) Subject to division (C) of this section and division (D) of section 1303.05 of the Revised Code, "holder in due course" means the holder of an instrument if both of the following apply:

(1) The instrument when issued or negotiated to the holder does not bear evidence of forgery or alteration that is so apparent, or is not otherwise so irregular or incomplete as to call into question its authenticity;

(2) The holder took the instrument under all of the following circumstances:

(a) For value;

(b) In good faith;

(c) Without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series;

(d) Without notice that the instrument contains an unauthorized signature or has been altered;

(e) Without notice of any claim to the instrument as described in section 1303.36 of the Revised Code;

(f) Without notice that any party has a defense or claim in recoupment described in division (A) of section 1303.35 of the Revised Code.

{¶20} Upon review, we find appellee had standing to pursue the foreclosure action and appellants are not bona fide purchasers as against the equitable mortgage of appellee.

{¶21} Assignment of Errors II and III are denied.

{¶22} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.

_____
Hon. Sheila G. Farmer

_____
Hon. William B. Hoffman

_____
Hon. Patricia A. Delaney

SGF/sg 103

[Cite as *Bank of New York Mellon v. Casey*, 2013-Ohio-4686.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE-HOLDERS OF THE CWABS INC., BACKED CERTIFICATES, SERIES 2006-24 | : : : : : : : | |
| Plaintiff-Appellee | : | |
| -vs- | : : | |
| WILLIAM J. CASEY AKA WILLIAM JOSEPH CASEY, ET AL. | : : : | JUDGMENT ENTRY |
| Defendants-Appellees | : : | |
| RICHARD L. WOLFE AND HELEN E. WOLFE | : : : | |
| Defendants-Appellants | : | CASE NO. 13-CA-26 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed. Costs to appellants.

_____
Hon. Sheila G. Farmer


_____
Hon. William B. Hoffman


_____
Hon. Patricia A. Delaney