[Cite as *HSBC Mtge. Servs., Inc. v. Frazier*, 2014-Ohio-2155.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HSBC MORTGAGE SERVICES, INC. | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13 CAE 10 0076 |
| | : | |
| RONNIE C. FRAZIER, ET AL. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Delaware County Court of Common Pleas, Case No. 12 CVE 101265 |
| JUDGMENT: | AFFIRMED |
| DATE OF JUDGMENT ENTRY: | May 16, 2014 |

APPEARANCES:

| For Plaintiff-Appellee: | For Defendant-Appellant: |
|---|---|
| MIKE L. WIERY | BRIAN K. DUNCAN |
| RACHEL M. KUHN | BRYAN D. THOMAS |
| 30455 Solon Road | 600 South High Street, Suite 100 |
| Solon, OH 44139 | Columbus, OH 43215 |

*Delaney, J.*

{¶1} Defendant-Appellant Eula M. Littlejohn appeals the October 10, 2013 judgment entry of the Delaware County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2} On February 7, 2005, Defendant-Appellant Eula M. Littlejohn and Defendant Ronnie C. Frazier executed an adjustable rate note in favor of Accredited Home Lenders, Inc. As security for the note, Littlejohn and Frazier executed a mortgage granting first and best lien on the property located in Delaware County to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Accredited Home Lenders, Inc. The mortgage was recorded on March 10, 2005. The note was endorsed in blank.

{¶3} On April 4, 2012, MERS assigned the mortgage to Plaintiff-Appellee HSBC Mortgage Services, Inc. The assignment of the mortgage was recorded on April 9, 2012.

{¶4} Littlejohn and Frazier defaulted under the terms of the note on June 1, 2012. On July 30, 2012, HSBC Mortgage caused a Notice of Right to Cure Default to be sent to Littlejohn and Frazier at the mortgage property address.

{¶5} On October 26, 2012, HSBC Mortgage filed a complaint in foreclosure. Littlejohn and Frazier filed answers to the complaint.

{¶6} On August 28, 2013, HSBC Mortgage moved for summary judgment. In support of its motion for summary judgment, HSBC Mortgage submitted the affidavit of Heather Burgos, vice-president and assistant secretary of the HSBC Mortgage Administrative Services Division. Attached to the affidavit were copies of the notice of

default/acceleration, the note, the mortgage, and a copy of the payment history of Littlejohn and Frazier. Littlejohn filed a response to the motion for summary judgment but failed to attach any affidavit or present any evidence to the trial court for any defense or counterclaim. Frazier did not respond to the motion for summary judgment.

{¶7}   The trial court granted the motion for summary judgment and decree in foreclosure in favor of HSBC Mortgage on October 10, 2013.

{¶8}   It is from this decision Littlejohn now appeals.

## ASSIGNMENTS OF ERROR

{¶9}   Littlejohn raises one Assignment of Error:

{¶10} "THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE WERE GENUINE ISSUES OF MATERIAL FACT AND PLAINTIFF WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW."

## ANALYSIS

{¶11} Littlejohn's sole Assignment of Error states the trial court erred in granting summary judgment in favor of HSBC Mortgage. We refer to Civ.R. 56(C) when reviewing a motion for summary judgment which provides, in pertinent part:

Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it

appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶12} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶13} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

{¶14} Littlejohn contends there is a genuine issue of material fact as to whether HSBC Mortgage is the holder in due course, whether HSBC assumed the risk of Littlejohn's default when it was assigned the mortgage, and whether HSBC Mortgage sent Littlejohn the notice of default/acceleration prior to filing its complaint in foreclosure.

*Holder in Due Course*

{¶15} Littlejohn argues there is a genuine issue of material fact whether HSBC Mortgage is a holder in due course of the note. Pursuant to R.C. 1303.31, a plaintiff producing an instrument is entitled to payment if the plaintiff proves that it is entitled to enforce the instrument pursuant to R.C. 1303.31. HSBC Mortgage is entitled to enforce an instrument under R.C. 1303.31 because there is no genuine issue of material fact that it is the holder of the note. R.C. 1303.32 governs holder in due course. *Bank of New York Mellon v. Casey*, 5th Dist. Fairfield No. 13-CA-26, 2013-Ohio-4686, ¶ 19. Subsection (A) states the following:

(A) Subject to division (C) of this section and division (D) of section 1303.05 of the Revised Code, "holder in due course" means the holder of an instrument if both of the following apply:

(1) The instrument when issued or negotiated to the holder does not bear evidence of forgery or alteration that is so apparent, or is not otherwise so irregular or incomplete as to call into question its authenticity;

(2) The holder took the instrument under all of the following circumstances:

(a) For value;

(b) In good faith;

(c) Without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series;

(d) Without notice that the instrument contains an unauthorized signature or has been altered;

(e) Without notice of any claim to the instrument as described in section 1303.36 of the Revised Code;

(f) Without notice that any party has a defense or claim in recoupment described in division (A) of section 1303.35 of the Revised Code.

{¶16} HSBC Mortgage submitted an affidavit with the note attached in support of its motion for summary judgment. The affidavit states that HSBC Mortgage is in possession of the original note, which is endorsed in blank. Once the moving party meets its initial burden to show there absence of a genuine issue of material fact, the nonmoving party may not rest on the mere allegations of the pleading, but must set forth specific facts, by affidavit or otherwise, demonstrating there is a genuine triable issue. *CitiMtge., Inc. v. Bennett*, 10th Dist. Franklin No. 13AP-228, 2013-Ohio-4062, ¶ 9 citing *Jackson v. Alert Fire & Safety Equip., Inc.*, 58 Ohio St.3d 48, 52, 567 N.E.2d 1027 (1991). Littlejohn, as the nonmoving party, has not produced competent evidence showing there is a genuine issue of material fact for trial. HSBC Mortgage is the holder of the note and entitled to enforce the same.

*Assumption of the Risk Doctrine*

{¶17} Littlejohn next argues that HSBC Mortgage assumed the risk of Littlejohn's default when it was assigned the note and mortgage. The Third District Court of Appeals has rejected the argument that the assumption the risk doctrine may apply to a foreclosure action:

Next, the Richisons contend that there is a genuine issue of material fact as to whether the assumption of risk doctrine applies in a foreclosure action. We disagree.

Determining whether the assumption of risk doctrine applies in a foreclosure action is an issue of law. The Richisons fail to cite any authority applying the assumption of risk doctrine in a foreclosure action, and a review of Ohio case law yields no support for this assertion. Because the Richisons fail to support their argument with authority as required by App.R. 16(A)(7), we decline to address it. App.R. 12(A)(2). We summarily note, however, that the assumption of the risk doctrine is primarily, if not exclusively, a defense against a claim of negligence. Therefore, we find that without authority in support of their argument, the assumption of the risk doctrine is not a defense in a foreclosure action.

*Flagstar Bank, F.S.B. v. Richison*, 3rd Dist. Union No. 14-12-01, 2012-Ohio-3198, ¶ 17-18.

{¶18} In the present case, Littlejohn fails to cite to any authority applying the assumption of the risk doctrine to a foreclosure action. We agree that the assumption of the risk doctrine is relevant to a negligence action, not to the defense of a foreclosure action.

*Notice of Default or Acceleration*

{¶19} Littlejohn argues that HSBC Mortgage failed to provide Littlejohn with notice of acceleration of the loan pursuant to her default of the terms of the loan. It has been held that a term in a mortgage such as one requiring prior notice of a default or

acceleration to the mortgagor is not an affirmative defense but rather a condition precedent. *U.S. Bank, N.A. v. Detweiler,* 191 Ohio App.3d 464, 2010–Ohio–6408, 946 N.E.2d 777, ¶ 52 (5th Dist.) citing *LaSalle Bank v. Kelly,* 9th Dist. Medina. No. 09CA0067–M, 2010–Ohio–2668, ¶ 13. To prevail in a foreclosure action, the plaintiff must establish that it complied with conditions precedent under the note and mortgage. *Wachovia Bank of Delaware, N.A. v. Jackson,* 5th Dist. Stark No.2010–CA–00291, 2011–Ohio–3202, ¶ 43.

{¶20} HSBC Mortgage submitted an affidavit in support of its motion for summary judgment. Attached to the affidavit was a copy of the notice of default/acceleration letter sent to Littlejohn at the mortgage property address on July 30, 2012. The letter notifies Littlejohn the loan is in default and HSBC Mortgage intends to declare the loan past due and payable immediately.

{¶21} In Littlejohn's response to the motion for summary judgment, she did not set forth specific facts, by affidavit or otherwise, demonstrating that there is a genuine issue of material fact as to the notice of default/acceleration.

{¶22} Upon our de novo review, we find HSBC was entitled to judgment as a matter of law.

{¶23} The Assignment of Error of Defendant-Appellant Eula M. Littlejohn is overruled.

## CONCLUSION

{¶24} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Farmer, J., concur.